Terri Lee HALDERMAN, et al.

v.

PENNHURST STATE SCHOOL AND HOSPITAL, et al.

Civ. A. No. 74–1345.

United States District Court, E.D. Pennsylvania.

March 28, 1994.

---

Judy Gran, PILCOP, Philadelphia, PA.

Charlotte Nichols, Claudia Huot, Law Department, Philadelphia, PA, for City of Philadelphia.

David Ferleger, Philadelphia, PA, for plaintiffs.

Jerome J. Shestack, Zachary Grayson, Barry M. Klayman, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for Commonwealth.

Doris Leisch, Office of DPW, Philadelphia, PA.

Robert Stern, U.S. Dept. of Justice, Sp. Litigation, Washington, DC, for United States.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Presently before the Court is a motion filed by the plaintiffs Halderman, et al. in November 1987 to hold the Commonwealth of Pennsylvania and County of Philadelphia in contempt of this Court's Order of April 5, 1985. For the reasons that follow, this Court finds that both defendants are in contempt of the Order.

## I. BACKGROUND

The Pennhurst litigation has been credited widely for creating a general awareness that retarded persons do have rights—the right to minimally adequate habilitation—the right not to be abused and mistreated—the right to care and training that will enable retarded persons to develop their capabilities and the right not to be warehoused behind institutional walls. Thus, this Court was saddened to learn in the hearing on this contempt motion that the Commonwealth and County have apparently deliberately denied such rights to Pennhurst class members in violation of the obligations that they agreed to undertake—obligations specifically mandated by the Court Decree of April 5, 1985. Plainly, the Commonwealth and the County have closed their eyes to the studies that have shown that Pennhurst class members who are now living in the community and receiving adequate habilitation are developing their capabilities and becoming self-sufficient to the extent that some are now working in jobs in private industry.

The litigation surrounding this case has spanned no less than two decades. The case has spawned over 500 court orders, approximately forty-three published opinions, including eleven appeals to the Third Circuit, and three arguments before the United States Supreme Court. After eleven years of active litigation, the parties entered into a final settlement agreement ("FSA"), which was approved and entered by the Court as a consent decree and Order of this Court on April 5, 1985 ("Court Decree"). Since that time, as a result of the defendant's actions, the plaintiffs have been forced to file numerous motions to enforce the Court Decree.

The long history of this litigation is summarized in the Court's 1992 published opinion, Halderman, et al. v. Pennhurst State School and Hospital, et al., 784 F.Supp. 215 (E.D.Pa.), aff'd, 977 F.2d 568 (3d Cir.1992), which also contains the text of the FSA and the Court Decree. The record will not be repeated here except as required to set a foundation for the motion presently before the Court.

In May of 1974, the plaintiffs brought a class action suit on behalf of residents of the Pennhurst State School and Hospital, a state institution for mentally retarded persons located in Spring City, Pennsylvania. The suit was brought against various officials of the Commonwealth of Pennsylvania including those of the Pennhurst State School and Hospital and the Department of Public Welfare. In 1975, the Pennsylvania Association for Retarded Citizens (ARC–PA), intervened as plaintiffs, adding as defendants the Mental

Health/Mental Retardation Administrators of Bucks, Chester, Delaware, Montgomery and Philadelphia Counties. Also in 1975, the United States of America intervened as a plaintiff. The class was certified in November 1976, and the definition of the class was amended by the Court in 1985 to include only those residents who resided at Pennhurst on or after May 30, 1974.

In 1977, after a thirty-two day trial, this Court determined that certain constitutional and statutory rights of the *Pennhurst* class had been and continued to be violated by the defendants. *Halderman, et al. v. Pennhurst State School and Hospital, et al.,* 446 F.Supp. 1295 (E.D.Pa.1977). A lengthy appeal process ensued, a summary of which can be found in this Court's 1985 Opinion, *Halderman, et al. v. Pennhurst State School and Hospital, et al.,* 610 F.Supp. 1221, 1225–26 (E.D.Pa.1985). Briefly, the defendants appealed to the Third Circuit Court of Appeals and then to the United States Supreme Court. On remand from the Supreme Court, the Third Circuit affirmed on different grounds. On appeal, the Supreme Court heard two oral arguments and remanded once again. It should be emphasized, however, that the Court's findings of fact made in 1977 have never been challenged by either the Third Circuit or the Supreme Court. Those findings are directly pertinent to the current motion before the Court, and therefore they will be summarized here.

In 1977, this Court concluded that Pennhurst was overcrowded, understaffed and lacking the programs that experts considered necessary for minimally adequate habilitation of the mentally retarded. "Habilitation" is the term of art used to refer to that education, training and care required by retarded individuals to reach their maximum development. The evidence showed that, in many instances, life skills possessed by residents at the time of their admission to Pennhurst had been destroyed over the years of their institutionalization.

In particular, the evidence demonstrated that Pennhurst residents were regularly subjected to a number of dehumanizing practices, including the use of physical restraints and psychotropic drugs to control the residents in place of adequate staffing and behavioral programs. Residents were not kept in safe conditions: Hundreds of residents sustained both major and minor injuries while at Pennhurst; some reports detailed beatings and rapes of the residents by staff members. As a result of physical abuse, many residents suffered loss of teeth, broken bones and other physical deterioration. Moreover, the Court found that Pennhurst was an isolated, segregated facility. Accordingly, few of its retarded residents were capable of protecting or helping their fellow residents or of registering complaints about their own treatment.

The evidence further showed that routine housekeeping services were not provided to the residents on weekends or in the evenings. Consequently, it was common to find urine and feces on ward floors during these periods. Finally, the average age of a Pennhurst resident was thirty-six years, and the average stay at Pennhurst was twenty-one years.

At the time of the Court Decree, there were 435 retarded individuals living at Pennhurst, and 719 had been previously transferred to community living arrangements pursuant to orders of this Court.

At the time of the trial, none of the parties disputed the testimony of mental health professionals that "normalization" (the antithesis of institutionalization) is now universally accepted as the only successful method of habilitating a retarded person. Normalization requires that a retarded person must be cared for, trained and educated in a normal community living environment. The Court Decree incorporated the "normalization" concept, and the settlement was lauded nationally as recognition that the mentally retarded have the right to minimally adequate habilitation in the least restrictive environment.

Pursuant to the Court Decree, the Commonwealth and County defendants agreed to provide community living arrangements to those members of the plaintiff class for whom such placement was called for by the individual planning process, together with such community services as are necessary to provide each person with minimally adequate habilitation, until such time as the retarded

individual no longer was in need of such living arrangements and/or community services. The Court Decree required the defendants to provide residential and habilitative services to all persons who had been furnished with such services pursuant to prior orders of this Court. The Court Decree also directed the defendants to develop and provide a written habilitation plan, formulated in accordance with professional standards, to each member of the plaintiff class; provide an individualized habilitation program to each member of the plaintiff class; and permit each class member and his family or guardian to be heard in connection with his or her program. The defendants further agreed to provide an annual review of each person's individualized habilitation program, and to monitor the services and programs provided to the class members in accordance with a detailed, professionally-established monitoring and visitation procedure. The Court Decree further mandated that all persons provided with services under the terms of the agreement shall be afforded:

(1) protection from harm;

(2) safe conditions;

(3) adequate shelter and clothing;

(4) medical, health-related, and dental care;

(5) protection from physical and psychological abuse, neglect, or mistreatment;

(6) protection from unreasonable restraints and the use of seclusion; and

(7) protection from the administration of excessive or unnecessary medication.

The Court Decree also mandated that the definition of the plaintiff class would be amended to provide that persons who were on the waiting list for placement at Pennhurst (and who had not received any habilitative services under any prior orders of this Court), as well as those persons who "may be placed" at Pennhurst, would no longer be considered members of the plaintiff class and that their claims would be dismissed pursuant to Fed.R.Civ.P. 41 without prejudice to their asserting any claims that they may have had in any court of competent jurisdiction.

Finally, the Court Decree provided that this Court was to retain jurisdiction in this matter until July 1, 1989, and that as of that date this case should be marked closed, provided, of course, that at that time all defendants were in compliance with the agreement.

In the years since the Court Decree was entered, empirical evidence has vindicated the opinions of the mental health professionals. That is, many of the Pennhurst residents who were transferred to community living arrangements have progressed to the extent that they enjoy a fuller life and in many instances have become self-supporting members of the community. The Court's opinion that accompanies the 1985 Court Decree discusses numerous studies conducted in the late 1970s and early 1980s that concluded that the retarded residents of Pennhurst have made significant behavioral strides while in the community. *Halderman, et al. v. Pennhurst State School and Hospital, et al.*, 610 F.Supp. 1221, 1232–33 (E.D.Pa.1985). Briefly, the 1981–82 era studies showed that Pennhurst residents who had moved to community living arrangements improved their habilitative skills and that they also had made significant gains in their adaptive behavior scores. These surveys also indicated that Pennhurst residents had exhibited significant gains in life skills as measured by tests generally accepted by the scientific community. In addition, "family attitudes toward community habilitation 'changed sharply to more positive attitudes' toward community habilitation after these families had seen the progress made by their own children in community facilities." *Halderman*, 610 F.Supp. at 1232. Moreover, these changes of attitude have had a salutary effect on the family life of the retarded. *See id.*

More recent studies confirm the progress noted by the earlier studies. A 1992 study conducted by Temple University for the Commonwealth of Pennsylvania concluded "Philadelphia County citizens benefitted strongly from deinstitutionalization in [the] behavioral areas [studied]. People are more independent in many life skill areas and they have also sharply reduced challenging behaviors, since leaving Pennhurst.... In the

area of social presence, ... contact with people who do not have disabilities has doubled since 1989." Celia Feinstein, et al., *Evaluation of the Well–Being of Pennhurst Class Members Living in the Community in 1992; The Results of Temple Monitoring in Philadelphia County*, 7, 22 (1992) (Draft Report 92–3 submitted by Temple University to Pennsylvania Office of Mental Retardation). Moreover, the longer a mentally retarded person resides in the community, the more life skills they gain. James A. Lemanowicz, et al., *Pennhurst Class Members in CLAs: Philadelphia County # 87–4* 6 (1987) (Temple University Study submitted to the Pennsylvania Office of Mental Retardation). These findings stand in marked contrast to this Court's findings in 1977 that Pennhurst residents had regressed in skills while in residence at that institution. *Halderman*, 446 F.Supp. at 1308.

As previously noted, the original defendants included Delaware, Montgomery, Chester, Bucks, and Philadelphia Counties as well as the Commonwealth of Pennsylvania. In 1989, the plaintiffs filed a contempt motion against Delaware and Montgomery Counties and the Commonwealth. At that time, Delaware County had obligations with respect to approximately 191 Pennhurst residents, and Montgomery County was responsible for 200 residents. This Court found that Delaware and Montgomery Counties and the Commonwealth were not in compliance with the Court Decree on August 28, 1989. *Halderman, et al. v. Pennhurst State School and Hospital, et al.*, 1989 WL 100207, 1989 U.S.Dist.LEXIS 10147 (August 28, 1989 E.D.Pa.), *aff'd*, 901 F.2d 311 (3d Cir.), *cert. denied*, 498 U.S. 850, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990). In particular, the Court found that sixty-eight Delaware County residents were not receiving the habilitation mandated by the Court Decree. Montgomery County was found in noncompliance with respect to six of its residents. The defendants were ordered to comply fully with the Court Decree by March 1, 1990, which was later extended to July 1, 1990 in the case of Montgomery County and May 10, 1990 in the case of Delaware County. Both Counties implemented community residential programs in compliance with the Court's Order. Chester County's obligations

under the Court Decree were terminated when all Pennhurst residents were relocated to community living arrangements. Bucks County's obligations terminated pursuant to the automatic lapse provision of the Court Decree and because the County was not found to be in noncompliance on or before July 1, 1989.

The current motion before the Court was filed in November 1987 by plaintiff ARC–PA. ARC's motion seeks to hold the Philadelphia defendants in contempt of the Court Decree. Among other things, ARC's motion requests the Court to appoint a team of experts to review the services being provided to the approximately 500 class members living in Philadelphia and to identify obstacles to the effective delivery of services and to make recommendations for improvement in the delivery of services. The Halderman plaintiffs later joined the ARC motion and, on motion of the Philadelphia defendants, the Commonwealth defendants were joined as defendants in the contempt motion.

Shortly after the filing of ARC's motion, the Philadelphia defendants agreed to appointment of an expert team. The experts submitted a draft report and, after receiving comments from the parties and other interested persons, a final report was filed with the Court in July, 1988. Shortly after the final report was filed, the parties entered into negotiations to settle the dispute. These negotiations, which continued through late 1989, failed, and a settlement agreement never materialized. In May 1990, the parties agreed to the appointment of a Special Master, Dr. Sue Gant, for purposes of reviewing and analyzing the Philadelphia mental retardation program and to determine whether the defendants were in compliance with the Court Decree.

Dr. Gant's report was filed with the Court in February 1991. The report detailed numerous instances of noncompliance with the Court Decree by the defendants. The Court set a hearing date on the plaintiffs' contempt motion for June 13, 1991.

Shortly before the hearing date, the parties agreed to attempt to settle the contempt motion by cooperatively developing a com-

prehensive plan that would restructure the Philadelphia mental health retardation system ("Collaborative Plan"). The goal of the Collaborative Plan was apparently to ensure that all Philadelphia mentally retarded residents, including the *Pennhurst* class members, would receive the habilitation ordered by the Court Decree. It should be emphasized, however, that while the Court certainly has no objection to all mentally retarded Philadelphia citizens receiving habilitation services mandated for the *Pennhurst* class members, this Court's jurisdiction under the Court Decree, is specifically limited to those Philadelphia residents who were Pennhurst residents on or after May 30, 1974. In any event, the parties stipulated to a continuance of the contempt hearing and proceeded to work on the Collaborative Plan.

Pursuant to the stipulation, the parties have attempted over the past two years to develop a mutually agreeable plan to comply with the Court Decree of April 5, 1985. In June 1993, the Court was advised that such a plan had been developed. Accordingly, on June 22, 1993, the Court ordered the County and Commonwealth defendants to file the plan within ten days of the date of this Court's order. The June 22nd Order also directed all parties to the stipulation to advise the Court on the nature of the order the Court might enter with regard to the plan and to advise the Court on whether they believe the plan should be reviewed by the Special Master. The defendants filed the plan with the Court on July 8, 1993. The plaintiffs responded with a Memorandum on July 7 and 26, 1993 regarding a proposed order pertaining to the Collaborative Plan. The defendants responded with a proposed order on August 25, 1993.

The Court held a hearing on September 7, 1993 regarding the status of settlement of the contempt motion. At the hearing, the parties advised the Court that they were at an impasse regarding settlement. Accordingly, the Court issued an order setting a hearing date of November 16, 1993 (later rescheduled upon request of the defendants to December 1, 1993) on the plaintiffs' 1987 contempt motion. The Order also directed the Court's Special Master, Dr. Sue Gant, to

testify at the contempt hearing. In the meantime, the Court also requested that Dr. Gant update her February 1991 report. Dr. Gant sent her update to the Court on November 26, 1993 with copies to all parties. The November update concluded that the defendants still were not in compliance with the Court Decree of April 5, 1985.

## II. FINDINGS OF FACT

This Court held hearings over a period of approximately nine days between December 1 and December 23, 1993 in connection with the plaintiffs' motion for contempt against the defendants. On the basis of the evidence presented at that hearing as well as the Special Master's Reports, the Court finds that the County and the Commonwealth are not in substantial compliance with the provisions of the Court Decree. Specifically, the Court finds that the Commonwealth and the County are not in compliance in that:

### Defendants' Obligations Under the Court Decree

1. Paragraph A2 of the Court Decree requires the County and Commonwealth defendants to provide community living arrangements ("CLAs") to plaintiff class members, together with community services as are necessary to provide them with minimally adequate habilitation.

2. Paragraph A4 provides that the defendants shall develop and provide written individualized habilitation plans ("IHPs"), formulated in accordance with professional standards, for all class members and that such IHPs shall be implemented and reviewed annually.

3. Paragraph A5(b) provides that the County shall monitor the programs and services being received by each individual class member in accordance with the member's IHP. Paragraph A5(e) requires the Commonwealth to monitor the County's performance under subsection b and to monitor annually 20% of class members' residential and day programs.

4. Paragraph A5(c) provides that the Commonwealth shall measure annually the progress of each class member and the characteristics of the person's environment and

report its findings promptly to the County who shall distribute the findings to case managers and care providers.

5. Paragraph A5(d) provides that each class member shall have a county case manager and that caseloads for county case managers shall not exceed the ratios established by the Title 19 waiver agreement between the County and Commonwealth (twenty-five (25) class members per case manager). Paragraph A5(d) also states that the Commonwealth shall provide at least three days training to newly hired case managers assigned to *Pennhurst* class members and continuing annual training to all such case managers.

6. Paragraphs A6(a), (b), and (e) provide that the County and Commonwealth shall take adequate actions and require providers of residential or habilitative services to take adequate actions to provide class members with protection from harm, safe conditions, and prohibit physical and psychological abuse, neglect or mistreatment.

7. Paragraph A6(d) requires that the Commonwealth and County defendants take adequate actions and require care providers to take adequate actions to ensure that class members have medical, health-related and dental care.

8. Paragraph A6(g) requires the Commonwealth and County defendants to take adequate actions and require care providers to take adequate actions to prohibit the administration of excessive or unnecessary medication.

9. Paragraph A7 requires the Commonwealth and County to maintain written rules and procedures requiring prompt review/investigation of any complaints in connection with Paragraph A6 and to adopt the necessary corrective action in response to its reviews and investigations.

**Community Living Arrangements**

10. The Commonwealth and County have violated the Court Decree in that at least thirty-three (33) and perhaps as many as fifty-five (55) class members still reside in large institutional settings, nursing homes and boarding facilities despite professional recommendations that they be moved to community living arrangements. Some class members were recommended for placement over a decade ago, but the County and Commonwealth have failed to take any action to move them to the community. The Commonwealth notified the County in both 1990 and 1991 that the County was not in compliance with the Court Decree because of its failure to provide class members with CLAs. Even though the Commonwealth is required to comply with the Court Decree, it failed to take any corrective action to enforce the Court Decree.

11. Of the class members still residing in institutions, approximately eighteen (18) class members from Philadelphia County reside at Embreeville Center, a Commonwealth institution that houses about 300 individuals. These class members do not have IHPs or case managers; nor have they been provided with community living arrangements mandated by the Court Decree. The class members residing at Embreeville are being unnecessarily segregated from the community and denied minimally adequate habilitation. All class members residing at Embreeville should be transferred to CLAs. The County and Commonwealth have knowingly and deliberately violated the Court Decree by maintaining *Pennhurst* class members at Embreeville Center.

12. The Deputy Secretary of the Commonwealth's Office of Mental Retardation, Nancy Thaler, previously has notified the County of Philadelphia that class members residing at Embreeville Center are at risk for neglect and that the institution should be closed and its residents moved into the community.

13. Approximately eleven (11) class members from Philadelphia County reside at Woodhaven, a 250–bed intermediate care facility. None of these class members has been provided with an IHP, case manager, or community living arrangements as mandated by the Court decree. Woodhaven class members are being unnecessarily segregated from society and denied minimally adequate habilitation. All class members residing at Woodhaven should be transferred to CLAs. The County and Commonwealth have know-

ingly and deliberately violated the Court Decree by maintaining *Pennhurst* class members at Woodhaven.

14. Approximately five (5) class members live at Allegheny Valley School ("AVS"), also a non-CLA facility. None of these class members has been provided with an IHP, case manager, or community living arrangements. Class members living at AVS are being unnecessarily segregated from the community and denied minimally adequate habilitation. All class members living at AVS should be transferred to CLAs. The Commonwealth and the County have knowingly and deliberately violated the Court Decree by maintaining *Pennhurst* class members at AVS.

15. Approximately twenty-one (21) other class members are living in other institutional type facilities in violation of Paragraph A2 of the Court Decree. These class members are being unnecessarily segregated from the community and denied minimally adequate habilitation. Class members living at these institutions should be transferred to CLAs. The Commonwealth and the County have knowingly and deliberately violated the Court Decree by maintaining *Pennhurst* class members in these institutions.

### Individual Habilitation Plans

16. The defendants have knowingly and deliberately violated the Court Decree by failing to provide all class members with IHPs. The County and Commonwealth did not provide at least 103 class members with an IHP in 1992; at least eighty-two (82) class members had no IHP in 1993; at least twenty-eight (28) class members living in CLAs had no IHP in both years. None of the class members living in institutional living arrangements have IHPs.

17. Where IHPs have been written for class members, the County and Commonwealth have either 1) failed to implement the IHP, or 2) delayed implementation of the plan, or 3) not provided services consistent with the IHP's objectives, or 4) developed IHPs that are not in accordance with accepted professional standards of practice as mandated by the Court Decree.

For example, many class members have severe physical disabilities that require adaptive and assistive equipment and/or specialized therapies. Many IHPs call for these particular individualized therapies or services. The County and Commonwealth, however, have failed to provide class members with such services as occupational, physical, speech and behavior therapies, nutrition services, and adaptive equipment such as wheelchairs and eyeglasses.

In addition, a large proportion of IHPs call for class members to be employed in the community rather than in sheltered workshops. In the workshop setting, class members earn a fraction of what is available through community employment and they have very little opportunity to interact with nondisabled persons. Accordingly, these mentally retarded plaintiffs are being unnecessarily segregated from the community. The Commonwealth has a written policy that provides that community integrated employment for the mentally retarded is a priority service. *See* 55 Pa.Code § 6000.171 et seq. (1991) ("Counties are encouraged to redirect existing resources from traditional adult day services, such as ... sheltered workshops, to community-integrated employment opportunities for persons with mental retardation."). Yet, neither the Commonwealth nor the County has undertaken to enforce this policy. As a result, many *Pennhurst* class members sit idle in either institutions or community living arrangements or work in sheltered workshops. Accordingly, these members are being harmed because they are not being given the opportunity to develop life skills and in some cases they are losing skills and/or learning to engage in counterproductive behavior.

18. The defendants have knowingly and deliberately failed to review and update IHPs as required by the Court Decree. Individual Habilitation Plans were not reviewed annually for approximately 76% of the class members in 1990 as required by Paragraph A4 of the Court Decree. In 1991, approximately 67% of the class had IHPs that were out of date; 56% of class members' IHPs were out of date during 1993. In addition, approximately 45% of class members living in

CLAs do not have a current IHP. The purpose of IHPs is to memorialize in writing the habilitation goals for each individual class member as determined by qualified professionals and to provide class members with individualized training, goals and programs. In the absence of an IHP, a class member likely will receive generic or pro forma habilitation that is unsuitable to that class member or no habilitation at all. An IHP must be current and implemented to be effective. Thus, an out of date IHP is tantamount to having no IHP.

Moreover, accepted professional standards mandate that IHP goals must be measurable and objective. In contrast, many of the class members' IHPs are too subjective and generalized to provide these individuals with the minimally adequate habilitation to which they are entitled under the Court Decree.

19. Immediately prior to the contempt hearing, the County made hurried efforts to update class members' IHPs in order to conceal its noncompliance.

### Case Management of Class Members

20. The defendants have knowingly and deliberately failed to provide case managers to all *Pennhurst* class members in violation of the Court Decree. Approximately 32% of the Philadelphia class members presently do not have case managers; due to staff shortages, as of November 1993, seventy-six to eighty (76–80) Philadelphia class members did not have case managers. As of October 1993, approximately twenty-two (22) other class members residing with various private provider agencies did not have case managers. There have been chronic staff shortages in case management services at the County level. The County has not responded promptly to alleviate these shortages to ensure that all class members are represented by case managers.

21. In an attempt to conceal its noncompliance, the County assigned case managers to all but thirty-eight (38) class members just prior to the hearing in this matter. Many of these placements took place during the contempt hearings.

22. The County does not regularly provide case management visits to those class members who are assigned case managers. Of those class members living in CLAs, thirty-one (31) members have never had a case manager visit them; twenty (20) other members have not been visited by a case manager for the past one to four years; forty-three members (43) have not had a case manager visit them on a monthly basis during the past year.

23. Caseloads for County case managers exceed the maximum requirement of twenty-five class members per case manager, as mandated by the Court Decree.

24. Several case managers who have attempted to identify and report noncompliance with the Court Decree have been criticized for their efforts by supervisory personnel in the County Office of Mental Health/Mental Retardation.

### Monitoring of Class Members

25. The defendants have knowingly and deliberately failed to monitor *Pennhurst* class members in violation of the Court Decree. The Commonwealth and County have several monitoring functions under Paragraph A5 of the Court Decree, but the defendants cannot adequately perform such monitoring, because they are uncertain as to who comprises the class. The Commonwealth lists 619 class members; the County identifies between 443 and 536 depending on the list provided. There are as many as 103 to 176 class members who are currently unaccounted for in the system. It is not possible for the Commonwealth and County to meet their obligations under the Court Decrees unless there is a full accounting of all class members and their whereabouts.

26. The Commonwealth is not monitoring those class members who are not in community living arrangements. Furthermore, the Commonwealth's annual monitoring report, which is prepared by a subcontractor, compiles data in summary, rather than individualized form. Thus, the report does not provide information on which class members are experiencing problems adapting or otherwise suffering harm in their respective environments. As a result of this generic format, recipients of the Commonwealth's reports, including the County and/or provider agen-

cies, are unable to respond adequately to correct any deficiencies. Moreover, the County Office of Mental Health/Mental Retardation does not furnish the Commonwealth reports to care providers as required by the Court Decree.

27. The Special Management Unit of the Commonwealth Department of Public Welfare has failed to annually monitor 20% of class members' day and residential programs, as mandated by the Court Decree.

28. The County does not have in place a policy for responding to the monitoring reports it receives from outside contractors.

29. The County subcontracts its monitoring responsibilities to Community Monitoring Project ("CMP"), a monitoring service. CMP's contract with the County provides that it shall annually monitor those class members living in community living arrangements—approximately 400 members. Thus, despite a provision in the Court Decree that mandates that the County monitor *all* class members, there are at least 100, and possibly in excess of 200 class members who are not monitored by CMP under its contract with the County. Moreover, even though CMP's contract requires it to monitor approximately 400 class members, it has never met its contract requirement in any given year. CMP reports that in 1991, it only monitored 271 class members; in 1992, 305 class members were monitored; as of October 1993, 201 class members had been monitored. County records show that CMP monitored 34 class members in 1990; 179 class members in 1991; 233 class members in 1992; and 155 class members in 1993 through October. Regardless of the discrepancy, there is no question that the County failed to monitor all class members as mandated by the Court Decree.

30. The County and Commonwealth are allowing care providers to investigate incidents of abuse, neglect, death, serious injury and other unusual incidents among class members. Thus, in effect the care providers are investigating themselves. This arrangement violates Paragraph A5(b), which provides that the "County" shall monitor the programs and services being received by each class member. The Court Decree does not authorize the County to delegate this monitoring function to care providers. Permitting care providers to monitor alleged incidents of death, abuse, neglect and other injury is a violation of the Court Decree. It is akin to putting the fox in charge of the hen house.

31. There is insufficient follow up or monitoring by the County and Commonwealth of incidents of abuse, neglect, injury and death of class members. As of October 1993, over ninety (90) incidents of death, abuse, neglect, and other serious injury had not been reported to either the County or the Commonwealth as required by the contracts between the care providers and the County and Commonwealth licensing regulations. In several instances, the County received reports of physical injury of class members and failed to obtain updated information on the injuries for more than a year. In particular, the County received a report in 1992 that six class members had been sexually abused by a staff member of a care provider. The event occurred on July 20, 1992. No written update was requested by the county employee responsible for supervising the investigations by care providers until October 18, 1993—just one month before the scheduled contempt hearing. The medical reports received by the county in 1992 did not indicate whether or not the abuse reported had, in fact, occurred; the only information contained in the medical report was a cursory notation that the class members who had been sexually abused tested free of venereal disease. The County employee responsible for receiving unusual incident reports never requested information as to whether these class members were abused and as to what type of abuse they suffered. Moreover, the County did not actively investigate the matter; rather, it referred the complaint to the police for investigation and never conducted any follow up investigation. Such inaction is a clear violation of Paragraphs A6 and A7 of the Court Decree, which require prompt investigation of such incidents and corrective action.

There were numerous other instances of abuse, neglect and deaths of class members in which the County and Commonwealth

failed to obtain adequate medical and incident reports or to follow up in any meaningful way to provide training, ensure that disciplinary measures were taken, or take other corrective action to prevent the problem from recurring.

32. The County does not have a system to ensure that staff members of care providers who abuse or neglect class members at one site are not re-employed at another class member site. Unusual incident reports from provider agencies consistently do not identify employees involved in abuse or neglect; the County does not request this information. The County employee who is responsible for receiving unusual incident reports does not think it is appropriate for the County to keep track of individuals who abuse and/or neglect class members. The County's and Commonwealth's inaction puts class members at serious risk of harm and therefore is a clear violation of Paragraphs A6 and A7 of the Court Decree.

### Medical and Dental Care

33. Some class members are being inappropriately medicated with psychotropic drugs rather than being treated with a behavioral program. Psychotropic drugs have a sedative effect thereby impairing cognitive abilities and making learning more difficult. According to accepted medical standards of practice, psychotropic medication is inappropriate where the cause of the behavior is learned; that is, where an individual acts out when he or she is attempting to communicate. The appropriate treatment in such cases is to teach the individual an acceptable form of communication. Behavioral plans should be used in place of psychotropic medication wherever possible. Most of the class members currently taking psychotropic medication do not have a current individualized and implemented behavioral plan based on functional assessments as part of their IHP.

34. Psychotropic medication practices at Embreeville and Woodhaven institutions do not comport with accepted standards of medical practice. Ten of seventeen (58%) class members living at the Embreeville facility are being medicated; nine of eleven (81%) class members living at Woodhaven are medicated. The percentage of people medicated at Embreeville and Woodhaven far exceeds the national average of 20% or less for those people living in institutions. Furthermore, medical personnel at these facilities have not performed the appropriate medical and psychological testing necessary to determine whether medication is appropriate. In addition, Woodhaven and Embreeville personnel do not systematically monitor class members for side effects of these medications. Accordingly, learning has become more difficult for many of these class members and/or they have regressed in skills already learned. As a result of this over-sedation, class members are at risk of harm.

35. Care providers are inadequately monitoring anti-seizure medication given to class members; for example, class members are not given regular blood level tests for toxicity.

36. The County does not have any formal policy for systematic review and monitoring of psychotropic and anti-seizure medication prescribed for class members. There is no monitoring by the County or Commonwealth of psychotropic or anti-seizure prescriptions despite a history of overuse of these types of medications in connection with class members. The County's and Commonwealth's failure to prohibit excessive medication of class members clearly violates Paragraph A6 of the Court Decree.

37. The County and Commonwealth have failed to take adequate action to ensure that class members have access to adequate dental services. The County Office of Mental Health/Mental Retardation has received numerous reports from care providers that a crisis situation exists with respect to dental care for class members; preventive care is almost nonexistent. Class members wait inordinate periods of time (i.e., six months or more) for procedures such as root canals and the filling of cavities.

38. The defendants have failed to take corrective action to ensure that class members have access to adequate medical care. Medical care is largely provided by hospital emergency rooms rather than by primary care physicians. In addition, two large care providers, JEVS and UCPA, have no doctors

or nurses employed on staff; at JEVS, medical needs are supervised by a medical coordinator who is not a doctor or registered nurse. Many class members' medical records are either illegible, unintelligible, incomplete or not present at the facility at which the particular class member resides. As a result of incoherent or nonexistent medical records, class members are receiving inadequate and/or no medical or dental services. The County's and Commonwealth's failure to provide class members with access to adequate dental and medical services is a violation of Paragraph A6 of the Court Decree.

### Funding

39. The County has failed to request adequate funding from the Commonwealth to meet its obligations to the *Pennhurst* class under the Court Decree. The Commonwealth has failed to allocate funds to the County to comply with the Court Decree, despite the Commonwealth's knowledge that the County did not have the necessary funding. It is most unfortunate that as the Deputy Secretary Thaler testified, the Commonwealth allocates funding for *Pennhurst* class members only when threatened with a contempt action such as this.

## III. CONCLUSIONS OF LAW

■ This Court finds on the basis of the foregoing facts, that Philadelphia County and the Commonwealth of Pennsylvania have been proceeding in total disregard of the terms of the Court Decree. Defendants failure to provide community living arrangements for at least thirty-three, and perhaps as many as fifty-five, class members is a violation of Paragraph A2 of the Court Decree. The Court was astonished to learn that despite a court order that is nearly nine years old, the County and Commonwealth have left a large group of class members to languish in institutions where they are subject to abuse, neglect and over-medication. The dangers of institutionalization of the mentally retarded are well known to the defendants; experts testified at trial in this matter over a decade ago that the vast majority of mentally retarded do not receive adequate habilitation in these types of environments and that they actually tend to lose life skills in institutions. It was because of these dangers that community living arrangements became the focal point of the April 1985 Order. By failing so pervasively to meet their obligations under Paragraph A2, the defendants have committed a fundamental and egregious violation of the Court Decree.

In addition to community living arrangements, the Court Decree mandated that the defendants provide written, individualized IHPs to all class members. The importance of these IHPs has been stressed often enough in this case, including in the Findings of Fact portion of this opinion, and will not be repeated here. Suffice it to say that without an IHP, class members have virtually no opportunity to achieve the minimally adequate habilitation to which they are entitled under the Court Decree. The evidence shows that defendants have failed to provide each class member with an IHP in every year since the Court Decree was entered. Moreover, the evidence also shows that even where IHPs are in place, they are either out of date, not implemented or insufficient to meet individual needs. Class members are not receiving such prescribed items as occupational, physical, speech and behavior therapies, nutrition services, and equipment such as wheelchairs and eyeglasses. They do not have access to community employment; rather, they remain in sheltered workshops where they earn a fraction of what they could earn in the community. Moreover, as testified to by several experts, many class members are not being taught life skills that are useful to them in their particular environments. These findings indicate that the defendants are clearly in violation of Paragraph A4 of the Court Decree.

The defendants have also violated Paragraph A5(d) of the Court Decree in that they have not provided class members with case management services as required by this provision. The evidence shows that approximately 32% of the class do not have case managers as of the date of the hearing in this matter. The County has a long history of tolerating staff shortages in case management services such that many class members either have not had a case manager or have

not received the required monthly visit from a County case manager. As a result of these staff shortages, the County has not been able to adequately supervise the services received by class members from provider agencies; nor has it been able to correct deficiencies in class members' treatment programs.

Apart from staff shortages in case management services, the County generally appears to be ill-equipped to provide adequate case management services to class members. The County and the Commonwealth rarely share CMP and other *Pennhurst* monitoring reports with case managers so that problems with class members' treatment programs can be identified and resolved. Furthermore, those case managers who identify and report noncompliance with the Court Decree are often labeled "whistleblowers" and criticized for their attempts to comply with the Court Decree. On balance, supervisory personnel of both the Commonwealth and the County appear to have been united in their efforts to avoid compliance with the *Pennhurst* Court Decree.

Both defendants have also failed to comply with the various monitoring obligations imposed by the Court Decree. It appears that the defendants are uncertain as to the present whereabouts of many Philadelphia *Pennhurst* class members. Despite the fact that both defendants have lost track of large numbers of class members in the last nine years, neither party has made any attempt to locate them and provide them with the services to which they are entitled under the Court Decree. Moreover, while the Commonwealth is monitoring those class members living in CLAs, it is has ignored those individuals who are still in institutions. Furthermore, the Commonwealth's monitoring is compiled in summary fashion; that is, the monitoring reports fail to identify individual class members who are not receiving habilitation services in compliance with the Court Decree. Rather, the reports track data on class members as a whole. This type of monitoring, while useful in some respects, is not what was intended by the parties when they entered into the consent agreement in 1985. The language of the agreement is clear: "The Commonwealth Defendants shall continue, either by themselves or by qualified contractor, to measure annually by suitable instruments the progress of *each class member* and the characteristics of *the person's environment.*" Court Decree, Para. A5(c). The words "each class member" and "the person's environment" demonstrate an intent by the parties that the Commonwealth's monitoring was to be conducted on an individualized basis.

Furthermore, while the Commonwealth distributes copies of its monitoring reports to the County, the County consistently fails to disseminate the reports to County case managers and provider agencies as required by Paragraph A5(c) of the Court Decree. In addition, the County has failed overall to respond to the Commonwealth's monitoring reports. With full knowledge of the County's unresponsiveness, the Commonwealth in turn has failed to take any follow up action to require the County to comply with this provision of the Court Decree. Accordingly, by their inaction, both the Commonwealth and the County are in violation of Paragraph A5(c).

Additionally, in failing to monitor each individual class member, the County is in violation of Paragraph A5(b). The County admitted in hearing testimony that it had failed to meet its obligations under this subsection. The director of CMP testified that CMP's contract with the County has never included all class members; nor has CMP ever monitored all of those class members who are covered by the contract. Even in 1992, its best year, CMP only monitored 305 class members—roughly half of the class members on the Commonwealth's class member list. Yet, the County has taken no action to correct CMP's deficient monitoring.

Paragraph A5(b) also requires that the County "follow up and ... require corrective action and the implementation of [CMP's] recommendations." Court Decree, Para. A5(b). Yet, case managers testified that they often do not see CMP's monitoring reports; accordingly, they do have the information necessary to correct problems. The Commonwealth is responsible for monitoring the County's compliance with Paragraph A5(b) according to Paragraph A5(e) of the

Court Decree. Despite full knowledge that the County has not complied with Paragraph A5(b), the Commonwealth has never undertaken to ensure that the County complies with this subsection of the Court Decree. Accordingly, both the Commonwealth and County are in violation of their monitoring functions under the Court Decree.

Closely related to the monitoring functions, are those obligations imposed upon the County and Commonwealth in Paragraphs A6 and A7 of the Court Decree. Paragraph A6 of the Court Decree requires that the County and Commonwealth "take adequate actions and shall require providers of residential or habilitative services to take adequate actions to provide individuals ... with.... [p]rotection from harm ... [s]afe conditions ... [and protection from] physical and psychological abuse, neglect or mistreatment." Court Decree, Para. A6. Paragraph A7 requires that the Commonwealth and County shall "maintain written rules pertaining to implementation of the provisions of Paragraph A6 ..., including procedures requiring prompt review/investigation of any complaints pertaining thereto, and adoption of necessary corrective actions in response to such reviews/investigations." Court Decree, Para. A7. In violation of these provisions, the County and Commonwealth do not actively investigate most incidents of abuse, neglect, death or injury of class members. In 1993, over ninety (90) such incidents of abuse had not been reported to the defendants by providers as required by County and Commonwealth policies and regulations. Moreover, when the County does receive incident reports, it does not respond in a prompt fashion. As evidenced by the incident report in which six class members were allegedly sexually assaulted in July 1992, there was no follow up until shortly before the contempt hearing.

Equally disturbing is the fact that provider agencies are allowed to investigate themselves, and the fact that their reports are accepted by the County at face value with little or no follow up or independent investigation by the County. The County employee responsible for receiving unusual incident reports admitted in her hearing testimony that these practices do pose conflicts of interest and a potential risk of harm to class members. As a result, the Court concludes that the defendants have put class members at serious risk of harm in violation of the Court Decree.

Class members are also put at risk by the County's practice of permitting care providers to employ individuals who have been found to have abused or neglected class members. Provider agencies rarely, if ever, identify to the County those employees who have been found to have abused or neglected class members. The County does not request this information from the agencies, apparently because it is under the impression that it should not be concerned with a list of such provider employees. Thus, individuals who abuse class members can be retained by provider agencies or rehired by other care providers without the knowledge of the County. As a result, class members are frequently abused and neglected. Accordingly, the Court finds that the Commonwealth and County have blatantly disregarded their obligations under Paragraphs A6 and A7 of the Court Decree.

Paragraphs A6 and A7 also impose upon the County and Commonwealth the obligation to ensure that class members have adequate access to medical and dental care and that they not be excessively or unnecessarily medicated. The evidence shows that many class members are being inappropriately medicated with psychotropic and/or anti-seizure drugs. The earliest published opinions in this case cited abuse of class members through the use of such medication in place of behavioral therapies. In spite of their longstanding knowledge of this danger, the County and Commonwealth have failed to monitor class members for over-medication and to correct such abuse. As a result, class members have been harmed in that they have lost life skills and adopted counterproductive behavior.

In addition, the County and Commonwealth have failed to provide class members with access to adequate medical and dental care. The evidence shows that a crisis exists with respect to dental care; some members have waited months or years for appoint-

ments for serious dental problems. Moreover, hospital emergency rooms are used in place of a primary care physician in many cases. Finally, class members' medical records are either nonexistent or so completely unintelligible that physicians are unable to properly treat class members. As a result, class members are not receiving the medical and dental care promised to them in Paragraph A6 of the Court Decree. Consequently, these are additional violations by the County and Commonwealth of Paragraphs A6 and A7 of the Court Decree.

The foregoing findings and conclusions of law indicate that the Commonwealth and County have violated nearly every substantive provision of the Court Decree. "Courts have the inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States,* 493 U.S. 265, 276, 110 S.Ct. 625, 632, 107 L.Ed.2d 644 (1990) (quoting *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966)); *see generally Halderman, et al. v. Pennhurst State Sch. & Hosp. et al.,* 901 F.2d 311, 317 (3d Cir.) (court has jurisdiction to use contempt sanctions to enforce agreement incorporated into court order), *cert. denied,* 498 U.S. 850, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990). The purpose of the contempt sanction is to either coerce a defendant into complying with a court order or to compensate injured parties. *Sheet Metal Workers v. EEOC,* 478 U.S. 421, 443–44, 106 S.Ct. 3019, 3033, 92 L.Ed.2d 344 (1986); *Elkin v. Fauver,* 969 F.2d 48, 52 n. 2 (3d Cir.1992); *Roe, et al. v. Operation Rescue, et al.,* 919 F.2d 857, 868 (3d Cir.1990) (citing *Gregory v. Depte,* 896 F.2d 31, 34 (3d Cir.1990)); *see also Hicks v. Feiock,* 485 U.S. 624, 632–33, 108 S.Ct. 1423, 1430, 99 L.Ed.2d 721 (1988) (contempt sanctions primarily remedial). "A person is liable for civil contempt if he violates a court order with actual notice that the order has been issued." *Quinter v. Volkswagen of America,* 676 F.2d 969, 973 (3d Cir.1982) (citations omitted). Contempt must be shown by "clear and convincing" proof. *Id.* at 974.

■ Generally, good faith is not a defense to civil contempt. *Roe,* 919 F.2d at 870; (citing *United States v. Romano,* 849 F.2d

812, 816 n. 7 (3d Cir.1988); *United States v. Malinowski,* 472 F.2d 850, 856–57 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973)); *Halderman, et al. v. Pennhurst State Sch. & Hosp.* et al., 533 F.Supp. 631, 636 (E.D.Pa.1981), *aff'd,* 673 F.2d 628 (3d Cir.1982). As the United States Supreme Court stated in *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 190–91, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949):

> The absence of wilfulness does not relieve [a party] from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance.... Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey specified provisions.... An act does not cease to be a violation of ... a decree merely because it may have been done innocently.

*See also Thompson v. Johnson,* 410 F.Supp. 633, 640 (E.D.Pa.1976) (fact that prohibited acts committed inadvertently or in good faith does not preclude finding of civil contempt), *aff'd,* 556 F.2d 568 (3d Cir.1977).

■ In contrast to good faith, substantial compliance is a defense to civil contempt. *Merchant & Evans, Inc. v. Roosevelt Bldg. Prods. Co.,* No. 90–7973, 1991 WL 261654 at *1, 1991 U.S.Dist.LEXIS 17755, at *2 (E.D.Pa. Dec. 6, 1991) (citing *General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1379 (9th Cir.1986)); *see also Washington Metro. Transit Auth. v. Amalgamated Transit Union,* 531 F.2d 617, 621 (D.C.Cir.1976). In order to show substantial compliance, a defendant must demonstrate "reasonable diligence and energy in attempting to accomplish what was ordered." *Merchant & Evans,* 1991 WL 26165 at *1, 1991 U.S.Dist. 17755, at *2.

■ Neither defendant in this case can meet the standard of substantial compliance. The defendants violations of the Court Decree are both pervasive and profound. Neither party has demonstrated diligence and

energy in fulfilling the Court Decree. Instead, the evidence shows that the defendants have engaged in sustained and deliberate avoidance of their obligations under the Court Decree. Moreover, the evidence also shows that the County attempted to cover up its noncompliance through a flurry of activity in October, November and December 1993 just prior to and during the hearings in this matter. During this time period, the County moved with unprecedented alacrity to write, update and revise numerous IHPs, and assign case managers to previously unrepresented class members. In addition, the County employee responsible for receiving reports of unusual incidents updated files in which no action or follow up had been taken for over a year. All of these actions were designed to conceal or minimize massive noncompliance by both defendants. Moreover, the Deputy Secretary of the Commonwealth's Department of Mental Health and Retardation admitted in open court that the Commonwealth allocates money to comply with the Court Decree only when threatened with a contempt action. For these reasons, the Commonwealth's and County's arguments regarding substantial compliance are insincere, self-serving and utterly without merit.

■ The defendants have argued that this Court should find that they are in substantial compliance because they have met their obligations under the Court Decree with respect to most class members. First, this Court rejects defendants' premise that they have met their court ordered obligations as to most class members. The evidence clearly indicates that the defendants have violated nearly every provision of the Court Decree and that many of these violations have affected the well being of nearly every class member. More importantly, it is no defense to a class action involving the individual rights and needs of mentally retarded people that the defendants have complied with the Court Decree as to *some* class members. As the Court stated in previous opinions, where the obligations imposed by a court order run to class members as individuals, compliance is measured with respect to each individual class member and not the class as a whole. *Halderman v. Pennhurst State Hospital &*

*School,* No. 74–1345, 1989 WL 100207, *2–3, 1989 U.S.Dist. LEXIS 10147, *7 (E.D.Pa. Aug. 28, 1989), *aff'd,* 901 F.2d 311, 324 (3d Cir.1990) (contempt action against Commonwealth and suburban Counties of Montgomery and Delaware). The defendants undertook in the Court Decree to fulfill certain obligations with respect to the class members. These are mandated legal obligations that run from both defendants to *each individual* class member. The defendants cannot obviate their obligations to each individual class member by meeting their obligations to some class members.

This Court also rejects the Commonwealth's argument that it is somehow helpless to enforce the County's obligations under the Court Decree. The Commonwealth has advised the County on numerous occasions of problems with care providers as well as other types of noncompliance. With the full knowledge of the Commonwealth, however, the County repeatedly has failed to correct its noncompliance. Thus, the evidence in this case requires this Court to conclude that the Commonwealth and the County have joined hands in their determination to ignore the legal obligations imposed upon them by the Court Decree.

■ The plaintiffs have requested the Court to order the defendants to pay a compensatory fine of $5,000,000 to be allocated to a compensation fund for distribution to class members in addition to other equitable relief and coercive fines. The Court agrees with the plaintiffs that it certainly has the power to award compensation to plaintiffs for defendants' contempt. *Sheet Metal Workers,* 478 U.S. at 443–44, 106 S.Ct. at 3033. Clearly, those members of the *Pennhurst* class who have been secreted in institutions since the Court Decree have not only suffered indignities but damage to their habilitation. This Court would be presented with an insurmountable challenge, however, in ascertaining the amount of compensation to which each member of the class would be entitled as a result of the County's and Commonwealth's intentional withholding of habilitation. Any such award of monetary damages might well require the Court to engage in

speculation. Furthermore, this Court is convinced that *Pennhurst* class members would be best compensated through a court order that requires the County and Commonwealth to use their resources to make certain the each class member receives the habilitation and services mandated by the Court Decree. Accordingly, the Court will provide appropriate equitable relief as outlined in a separate Order, including a provision for contingent coercive fines against both defendants.

## IV. CONCLUSION

It has been approximately seventeen years since this Court determined that the members of the *Pennhurst* class had the right to a community living arrangement and to receive minimally adequate habilitation. This Court concluded at that time that the mentally retarded plaintiffs had the right to receive a level of care and training that would enable them to develop their individual potential. The 1977 *Pennhurst* decision was in fact one of the first cases to recognize that the mentally retarded had such rights. When this decision was rendered in 1977, it brought an end to an era of seclusion, segregation and sedation for the residents of Pennhurst. The 1985 Court Decree offered these mentally retarded citizens the prospects of full access to community living and community services—and with those prospects, the promise of a better, more productive and self-sufficient life. That promise has been realized by many of the plaintiff class members over the past seventeen years. During the hearings in this matter, several mentally retarded plaintiffs testified that the services provided to them under the Court Decree have enabled them to enjoy a fuller life and to achieve some measure of independence. Moreover, a multitude of studies done by mental retardation experts throughout the 1970s and 1980s have documented the extraordinary progress made by *Pennhurst* plaintiffs once they were removed from Pennhurst and received habilitation services in community living arrangements.

It is particularly disappointing therefore that the County and Commonwealth have shown such utter disregard for the Court Decree. The evidence is overwhelming that both defendants have violated nearly every substantive portion of the order. They have failed to provide community living arrangements to at least thirty-three members of the class; those members remain institutionalized to this day. They have failed to provide many members of the class with an individualized IHP. Other members of the class have IHPs that are either out of date, not implemented, inappropriate and/or inadequate. The defendants have also failed to provide the case management services mandated by the Court Decree. Moreover, the County and Commonwealth have virtually abdicated any meaningful supervision over contract care providers. As a result of their disregard and contempt of the Court Decree, class members have suffered substantial harm. They have lost life skills and have been denied the right to develop their capabilities. The defendants have not been merely complacent; they have proceeded in blatant disregard of the Court Decree.

The defendants' actions demonstrate a clear need for judicial oversight. During the last two decades, the members of the *Pennhurst* class have fought long and hard in this Court to obtain their right to minimally adequate habilitation. This Opinion together with the accompanying Order are intended to make certain that the members of the *Pennhurst* class receive habilitation in community living arrangements as mandated by the 1985 Court Decree.

### ORDER

AND NOW, this 28th day of March, 1994, in consideration of the reasons set forth in the Court's Memorandum of March 28, 1994 and this Court having found that the County of Philadelphia ("County") and Commonwealth of Pennsylvania ("Commonwealth") defendants are in contempt of this Court's Order of April 5, 1985 ("Court Decree");

IT IS ORDERED:

1. Within sixty (60) days of the date of this Order, the plaintiffs, plaintiff-intervenor and defendants shall agree upon any additions or deletions to the list of Philadelphia plaintiff class members contained in Exhibit A to this Order. The parties shall submit the final list of Philadelphia class members

("Philadelphia Class Members") to the Special Master for the Special Master's review and approval. If the parties are unable to resolve disputes concerning the identity of Philadelphia Class Members within the sixty-day time frame, the parties shall so notify the Special Master. The Special Master shall resolve any disputes regarding the composition of Philadelphia class members and develop a final list of Philadelphia class members in the event that the parties are unable to agree on such a list.

2. Within twelve (12) months of the date of this Order, the County and Commonwealth shall provide community living arrangements to all Philadelphia Class Members. In the event that the County and Commonwealth fail to provide community living arrangements to all Philadelphia Class Members within twelve (12) months of the date of this Order, the County and Commonwealth each shall be subject to a fine of not less than $5,000 per day for each class member who has not received community living arrangements.

3. Within sixty (60) days of the date of this Order, every Philadelphia class member shall be assigned a county case manager in accordance with Paragraph A5(d) of the Court Decree. The County shall provide the Commonwealth and Special Master with revised case manager lists within thirty (30) days of a change in case manager assignment. In the event that the Philadelphia class members have not been provided with case managers within sixty (60) days of this Order, the County and Commonwealth each shall be subject to a fine of not less than $5,000 per day for each class member who has not been provided with a case manager.

4. The County shall bring its case management levels into compliance with Paragraph A5(d) of the Court Decree within thirty (30) days of the date of this Order. The County and Commonwealth each shall be subject to a fine of not less than $5,000 per day for each day that the County's case manager levels are not in compliance with Paragraph A5(d) of the Court Decree and this paragraph of the Court's Order.

5. The County shall require each of its case managers who has not received the three (3) day training required by Paragraph A(5)(d) of the Court Decree to complete such training within sixty (60) days of the date of this Order. Any new case manager shall complete such training promptly upon assuming responsibilities for Philadelphia class members. The County shall provide the Commonwealth with thirty (30) days advance notice of all training requests; the Commonwealth shall provide all training requested by the County in connection with Paragraph A(5)(d) of the Court Decree. The County and Commonwealth each shall be subject to a fine of not less than $5,000 per day for each day that a county case manager assigned to Philadelphia Class Members has not received training pursuant to the terms of Paragraph A5(d) of the Court Decree and this paragraph of the Court's Order.

6. The County shall require all County case managers responsible for Philadelphia class members who have not received at least one (1) day of continuing annual training in 1993, as required by Paragraph A5(d), to complete such training within ninety (90) days of the date of this Order. The County and Commonwealth each shall be subject to a fine of not less than $5,000 per day for each day that county case managers have not received training pursuant to the terms of Paragraph A5(d) of the Court Decree and this paragraph of the Court's Order.

7. The County shall provide every Philadelphia class member with a current individual habilitation plan ("IHP") within one-hundred twenty (120) days from the date of this Order. Such IHP shall be developed in accordance with Paragraph A4 of the Court Decree. All services and therapies prescribed by each individual IHP shall be implemented within sixty (60) days of the completion of each IHP. The County and Commonwealth each shall be subject to a fine of not less than $5,000 per day for each class member who has not received an IHP or the services and therapies prescribed by the IHP in accordance with the terms of Paragraph A4 of the Court Decree and this paragraph of the Court's Order.

8. Within thirty (30) days of this Order, the County shall require that any treating

physician who prescribes psychotropic and/or anti-seizure medication to a Philadelphia class member shall certify at least every ninety (90) days that the continued use of such medication is not excessive or unnecessary according to accepted standards of medical practice and that the prescription otherwise is in accordance with accepted standards of medical practice. Within ninety (90) days of the date of this Order, the County shall retain an independent physician, qualified in the use of psychotropic and anti-seizure medication, to review and evaluate the medical records of each Philadelphia class member for whom psychotropic and/or anti-seizure medication is prescribed. Prior to retaining the independent physician, the County shall submit the name of the independent physician to the Special Master for review and approval. Not later than one-hundred eighty (180) days from the date of this Order, the independent physician shall make an initial determination as to whether the administration of psychotropic and/or anti-seizure medication to Philadelphia Class Members is excessive or unnecessary according to accepted standards of medical practice. The independent physician shall certify in writing 1) the reasons for the medication, and 2) that each prescription is in accordance with accepted standards of medical practice. After this initial evaluation, the independent physician shall monitor treating physicians' prescriptions of psychotropic and anti-seizure medication for Philadelphia Class Members on a semi-annual basis. The independent physician shall certify in writing 1) the reasons for psychotropic and/or anti-seizure medication, and 2) that each prescription is in accordance with accepted standards of medical practice. A copy of the certifications described in this paragraph of the Court's Order shall be maintained in the affected class member's medical records file and shall be reviewed as part of the annual monitoring process described in the Court Decree and this Order. The County shall be subject to a fine of not less than $5,000 per day for each class member who is administered psychotropic and/or anti-seizure medication in violation of the terms of Paragraph A6(g) of the Court Decree and this paragraph of the Court's Order.

9. Within sixty (60) days of the date of this Order, the County shall take such steps as are necessary to ensure that every Philadelphia class member will receive annual on-site monitoring as required by Paragraph A5(b) of the Court Decree. The County shall be subject to a fine of not less than $5,000 per day for each Philadelphia class member who has not received annual monitoring within one year of the date of this Order in compliance with Paragraph A5(b) of the Court Decree and this paragraph of the Court's Order.

10. Within sixty (60) days of the date of this Order, the Commonwealth shall take such steps as are necessary to ensure that Philadelphia class members are monitored by the Commonwealth as required by Paragraphs A5(a), (c) and (e) of the Court Decree. The Commonwealth shall be subject to a fine of not less than $5,000 per day for each Philadelphia class member who has not received within one year of the date of this Order on-site monitoring pursuant to Paragraphs A5(a), (c) and (e) of the Court Decree and this paragraph of the Court's Order.

11. Within ninety (90) days of the date of this Order, the County shall submit to the Commonwealth and the Special Master, for the Special Master's review and approval, a plan under which the County shall assume the responsibility for investigation and resolution of all reported incidents involving abuse, neglect, injury and death of class members. The County shall implement the plan as approved by the Special Master within thirty (30) days of such approval. The County shall be subject to a fine of not less than $5,000 per day for each instance in which the County fails to promptly investigate and resolve reported cases of abuse, neglect, injury or death of Philadelphia class members in compliance with Paragraph A6 of the Court Decree and this paragraph of the Court's Order.

12. Within ninety (90) days from the date of this Order, the County shall develop, and submit to the Special Master for review and approval, a plan to ensure that Philadelphia class members have access to adequate dental and medical services as mandated by

Paragraph A6(d) of the Court Decree. The County shall implement the plan as approved by the Special Master within thirty (30) days of such approval. The County shall be subject to a fine of not less than $5,000 per day for each day that it is not in compliance with Paragraph A6(d) of the Court Decree and this paragraph of the Court's Order.

13. Within one-hundred twenty (120) days of the date of this Order, the County shall require a physician, other than a class member's treating physician, to review each class member's medical records for the purpose of making certain that such records are legible, intelligible, complete and present at the facility at which each class member resides. The County shall be subject to a fine of not less than $5,000 per day for each class member whose medical records are not in compliance with this paragraph of the Court's Order.

14. Within sixty (60) days of the date of this Order, the County shall commence submitting monthly status reports to the Commonwealth detailing the County's compliance with all terms of the Court Decree and this Order. In addition, within sixty (60) days of the date of this Order, the Commonwealth and County each shall commence submitting monthly reports to the Special Master, in a form acceptable to the Special Master, detailing their compliance with the terms of the Court Decree and this Order.

15. The Court shall hold a hearing on **Monday, April 4, 1994 at 10:00 a.m. in Courtroom 10B, United States Courthouse, 601 Market Street, Philadelphia, PA,** for the purpose of hearing from all parties concerning the appointment of the Special Master.

16. The Court will retain jurisdiction of this matter for purposes of enforcing the Court Decree and this Order.

EXHIBIT A

## PENNHURST PLAINTIFF CLASS MEMBERS AND ADDITIONAL BENEFICIARIES -- PHILADELPHIA COUNTY

NOTE: Plaintiff Class Members are those persons who resided in Pennhurst Center at any time on or after May 30, 1974, per Paragraph 6 of the Final Settlement Agreement. Additional Beneficiaries are those persons furnished services pursuant to the placement orders of the District Court or under the terms of the Final Settlement Agreement, per Paragraph A3. of that Agreement.

Resided at Pennhurst = 586 Individuals

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| Edward Abendroth | Community Placement | KenCrest Services | 3432 Henry Avenue | ☑ "Original" List ☐ City List |
| Daniel Adamini | Community Placement | Northwest Center | 15024 Worthington Street | ☑ "Original" List ☐ City List |
| Harold Adelman | Community Placement | EMAN Community Living | 7740 Stenton Avenue, Apt C-1098 | ☑ "Original" List ☐ City List |
| Phillip Allen | Community Placement | Benjamin Rush | 600 Red Lion Road, Apt Y.7 | ☑ "Original" List ☐ City List |
| Francis Anderson | Community Placement | Benjamin Rush | 828 Red Lion Road, Apt A 19 | ☑ "Original" List ☐ City List |
| James Anderson | Community Placement | Step-By-Step | 2329 Mason Square | ☑ "Original" List ☐ City List |
| James F. Anderson | Community Placement | Assoc for Independent Growth | 7701 Lindbergh Boulevard, Apt 1117 | ☑ "Original" List ☐ City List |
| John Anderson | Community Placement | Assoc for Independent Growth | 8400 Lindbergh Boulevard, Apt 2261 | ☑ "Original" List ☐ City List |
| Elizabeth Andralczyk | Community Placement | Assoc for Independent Growth | 6201 North 11th Street, Apt 334 | ☑ "Original" List ☐ City List |
| Gabriel Bablak | Community Placement | JEVS | 5520 Morris Street | ☑ "Original" List ☐ City List |
| Byron Bailey | Community Placement | Step By Step | 8500 Lindbergh Boulevard, #2397 | ☑ "Original" List ☐ City List |
| Joseph Bannon | Community Placement | SPIN | 9400 Fargreen Lane, Apt D | ☑ "Original" List ☐ City List |
| Delores Barbee | Community Placement | Lynch Community Homes (Chester Co) | 605 Woodsford Road | ☑ "Original" List ☐ City List |
| Sarah Barber | Community Placement | Community Foundation | 332 Surge Road | ☑ "Original" List ☐ City List |
| Albert Barbera | Community Placement | KenCCID | 4635 Osman Street | ☑ "Original" List ☐ City List |
| Alphonso Barnett | Community Placement | UCPA | 5916 North Hutchinson Street | ☑ "Original" List ☐ City List |
| Cynthia Barrett | Community Placement | Northwest Center | 15024 Worthington Street | ☑ "Original" List ☐ City List |
| Dominica Barrone | Community Placement | Horton House | 1315 Federal Street | ☑ "Original" List ☐ City List |
| Walter Barth | Community Placement | PATH | 1631 Borbeck Street, 1st Floor | ☑ "Original" List ☐ City List |
| Mark Bassenfelder | Community Placement | Assoc for Independent Growth | 6201 North 10th Street, Apt 625 | ☑ "Original" List ☐ City List |
| Brenda Batoff | Community Placement | PATH | 1034 Loney Street, 2nd Floor | ☑ "Original" List ☐ City List |
| Louis Battista | Community Placement | JEVS | 5520 Morris Street | ☑ "Original" List ☐ City List |
| Virdell Baxter | Community Placement | KenCCID | 3139 Frankford Avenue | ☑ "Original" List ☐ City List |
| Joseph Berlingis | Community Placement | SPIN | 3364 Red Lion Road, Apt B | ☑ "Original" List ☐ City List |
| Mark Berman | Community Placement | PATH | 1835 Beyer Street, Apt A | ☑ "Original" List ☐ City List |
| Mark Binder | Community Placement | Human Services Consultants | 8116 Rowland Avenue | ☑ "Original" List ☐ City List |

| | Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|---|
| 27 | Louis Biscardi | Community Placement | JEVS | 5042 F Street | ■ "Original" List ■ City List |
| 28 | Janice Bivens | Community Placement | KenCrest Services | 3430 Henry Avenue | ■ "Original" List ■ City List |
| 29 | Walter Blackwell | Community Placement | Step-By-Step | 2329 Madison Square | ■ "Original" List ■ City List |
| 30 | Geraldine Blazic | Community Placement | Horizon House | 2701 South 76th Street, 2nd Floor | ■ "Original" List ■ City List |
| 31 | Margaret Blee | Community Placement | PATH | 2436 Hartel Street, 1st Floor | ■ "Original" List ■ City List |
| 32 | Alan Bless | Community Placement | Lynch Community Homes (Chester Co) | R D. #1, Snyder Avenue | ■ "Original" List ■ City List |
| 33 | Paul Blinder | Community Placement | JEVS | 1441 Rhawn Street | ■ "Original" List ■ City List |
| 34 | Natalie Boone | Community Placement | Greenwich Services, Inc | 1509 South 6th Street | ■ "Original" List ■ City List |
| 35 | Dorothy Borofsky | Community Placement | EMAN Community Living | 7314 Devon Street, Apt #1-A | ■ "Original" List ■ City List |
| 36 | Stephen Bouquillon | Community Placement | Assoc. for Independent Growth | 8400 Lindbergh Boulevard, Apt #2201 | ■ "Original" List ■ City List |
| 37 | Michelle Bradley | Community Placement | Step By-Step | 7800 Lindbergh Boulevard, Apt #4706 | ■ "Original" List ■ City List |
| 38 | Fred Breedon | Community Placement | KenCrest Services | 7201 Sprague Street | ■ "Original" List ■ City List |
| 39 | Elizabeth Brodhun | Community Placement | Salvation Army | 1801 Buttonwood Street Apt 1109 | ■ "Original" List ■ City List |
| 40 | Charles Brooks | Community Placement | UCPA | 6433 McCallum Street Apt B308 | ■ "Original" List ■ City List |
| 41 | Grace Brooks | Community Placement | UCPA | 6435 McCallum Street, Apt #9218 | ■ "Original" List ■ City List |
| 42 | Alexander Brown | Community Placement | SPIN | 3394 Red Lion Road Apt A | ■ "Original" List ■ City List |
| 43 | James Brown | Community Placement | INTERAC | 3558 Ridge Avenue | ■ "Original" List ■ City List |
| 44 | John T. Brown | Community Placement | Greenwich Services, Inc | 4907 Cedar Street 1st Floor Front | ■ "Original" List ■ City List |
| 45 | Katherine Brown | Community Placement | Elwyn CRS | Chestnut Hall | ■ "Original" List □ City List |
| 46 | Paul Brown | Community Placement | COMHAR | 2701 East York Street | ■ "Original" List ■ City List |
| 47 | Richard Brown | Community Placement | Overbrook Friedlander Program | 1400 Haverford Avenue Apt 100 | ■ "Original" List ■ City List |
| 48 | Carrie Buffert | Community Placement | Horizon House | 4024 Ludlow Street | ■ "Original" List ■ City List |
| 49 | Frederick Bullock | Community Placement | Marian Homes | 5327 Baymon Street | ■ "Original" List ■ City List |
| 50 | Laverne Bullock | Community Placement | UCPA | 1918 South 17th Street, 2nd Floor | ■ "Original" List ■ City List |
| 51 | John W. Byrd | Community Placement | Human Services Consultants | 6011 Torresdale Avenue | ■ "Original" List ■ City List |
| 52 | John Byrne | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt 625 | ■ "Original" List ■ City List |
| 53 | Michael Catterelli | Community Placement | SPIN | 615 Hazel Street, Apt A | ■ "Original" List ■ City List |
| 54 | John Callahan | Community Placement | JEVS | 5520 Morris Street | ■ "Original" List ■ City List |
| 55 | Arthur Campbell | Community Placement | SPIN | 4204 St Dennis Drive, Apt B | ■ "Original" List ■ City List |
| 56 | Frances Campbell | Community Placement | Northeast COMHAR | 155 East Godfrey Avenue Apt #F 404 | ■ "Original" List ■ City List |
| 57 | Regina Campbell | Community Placement | SPIN | 2840 Brighton Place, Apt A | ■ "Original" List ■ City List |

| # | Name | Status | Residential Provider | Address | List Status | | |
|---|------|--------|----------------------|---------|-------------|---|---|
| 58 | Frank Cantrevo | Community Placement | Benjamin Rush | 828 Red Lion Road, Apt. A-19 | ☒ "Original" List | ☒ City List | |
| 59 | Michael Caputo | Community Placement | KenCCID | 4635 Deman Street | ☒ "Original" List | ☒ City List | |
| 60 | Joseph Carlato | Community Placement | SPIN | 615 Hazel Street, Apt. A | ☒ "Original" List | ☒ City List | |
| 61 | Verna Carter | Community Placement | Horizon House | 2701 South 76th Street, 2nd Floor | ☒ "Original" List | ☒ City List | |
| 62 | Paul Casalena | Community Placement | Step-By-Step | 8500 Lindbergh Boulevard, #2307 | ☒ "Original" List | ☒ City List | |
| 63 | Joseph Catrambone | Community Placement | Horizon House | 4804 Chester Avenue, Apt. #408 | ☒ "Original" List | ☒ City List | |
| 64 | Leonard Chapelle | Community Placement | SPIN | 9997 Haldeman Avenue | ☒ "Original" List | ☒ City List | |
| 65 | Shirley M. Clare | Community Placement | Lynch Community Homes (Montgomery Co.) | 1602 Alba Road | ☒ "Original" List | ☒ City List | |
| 66 | David Clark | Community Placement | Step-By-Step | 7900 Lindbergh Boulevard, Apt. #3308 | ☒ "Original" List | ☒ City List | |
| 67 | Judith Clark | Community Placement | Barber Resources | 4720 Deston Street | ☒ "Original" List | ☒ City List | |
| 68 | Eric Cohen | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt. RY 2 | ☒ "Original" List | ☒ City List | |
| 69 | Rose Mary Collins | Community Placement | Horizon House | 2701 South 76th Street, 1st Floor | ☒ "Original" List | ☒ City List | |
| 70 | William Comber | Community Placement | PATH | 7249 Rupert Street | ☒ "Original" List | ☒ City List | |
| 71 | Virginia Concelleri | Community Placement | KenCrest Services | 221 South Park Road | ☒ "Original" List | ☒ City List | |
| 72 | Robert Connelly | Community Placement | JEVS | 1164 Uppal Street | ☒ "Original" List | ☒ City List | |
| 73 | Mary Jean Corbett | Community Placement | Human Services Consultants | 3036 Derry Reat | ☒ "Original" List | ☒ City List | |
| 74 | Patricia Corcoran | Community Placement | Horizon House | 2701 South 76th Street, 2nd Floor | ☒ "Original" List | ☒ City List | |
| 75 | Tyrone Cornish | Community Placement | Community Foundation | Upper Ridge Road, Box 204 | ☒ "Original" List | ☒ City List | |
| 76 | August Costello | Community Placement | KenCCID | 4464 Dufield Street | ☒ "Original" List | ☒ City List | |
| 77 | Frances Cozzolina | Community Placement | KenCrest Services | 9027 Woolston Avenue | ☒ "Original" List | ☒ City List | |
| 78 | Sidney Craig | Community Placement | SPIN | 615 Hazel Street, Apt. B | ☒ "Original" List | ☒ City List | |
| 79 | Elizabeth Crawford | Community Placement | KenCrest Services | 3430 Henry Avenue | ☒ "Original" List | ☒ City List | |
| 80 | Louis Crescenzo | Community Placement | PATH | 2218 Hofmagle Street, 1st Floor | ☒ "Original" List | ☒ City List | |
| 81 | Robert Curran | Community Placement | Greenwich Services, Inc | 4907 Cedar Street, 1st Floor Rear | ☒ "Original" List | ☒ City List | |
| 82 | James Curtis | Community Placement | Greenwich Services, Inc | 4907 Cedar Street, 1st Floor Rear | ☒ "Original" List | ☒ City List | |
| 83 | Martin Cutler | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt. D 2 | ☒ "Original" List | ☒ City List | |
| 84 | Preston Daniels | Community Placement | Northwest Center | 7015 Ridge Avenue, Apt. 13 | ☒ "Original" List | ☒ City List | |
| 85 | Alfred Davis | Community Placement | SPIN | 10201 Selmer Street, 1st floor | ☒ "Original" List | ☒ City List | |
| 86 | Dennis Davis | Community Placement | COMHAR | 8718 Verree Road | ☒ "Original" List | ☐ City List | |
| 87 | Joseph Davis | Community Placement | SPIN | 2840 Brighton Place, Apt. 8 | ☒ "Original" List | ☒ City List | |
| 88 | Genoefa Decasaris (aka Di | Community Placement | SPIN | 615 Hazel Street, Apt. A | ☒ "Original" List | ☒ City List | |

| Name | Residential Provider | Address | Status | List Status |
|---|---|---|---|---|
| William Deems | INTERAC | 3717 Manayunk Avenue | Community Placement | ☒ "Original" List ☒ City List |
| Charles Derrickson | Assoc. for Independent Growth | 8400 Lindbergh Boulevard, Apt 609 | Community Placement | ☒ "Original" List ☒ City List |
| Joseph Desiderio | Horizon House | 501 South 47th Street, Apt 102 | Community Placement | ☒ "Original" List ☒ City List |
| Rosalie Devine | Barber Resources | 2756 Wilks Road | Community Placement | ☒ "Original" List ☒ City List |
| Robert Dotson | INTERAC | 2405 North 54th Street | Community Placement | ☒ "Original" List ☒ City List |
| Lewis Downing | UCPA | 5916 North Hutchinson Street | Community Placement | ☒ "Original" List ☒ City List |
| William Duckett | COMHAR | 2201 East York Street | Community Placement | ☒ "Original" List ☒ City List |
| Harry Dugan | Assoc. for Independent Growth | 800 Cottman Avenue, Apt. 17782 | Community Placement | ☒ "Original" List ☒ City List |
| Thomas Duncan | SPIN | 3364 Red Lion Road, Apt A | Community Placement | ☒ "Original" List ☒ City List |
| Thomas R. Durkin | INTERAC | 174 East Street | Community Placement | ☒ "Original" List ☒ City List |
| Donald Durringer | PATH | 9215 Alton Street, 2nd Floor | Community Placement | ☒ "Original" List ☒ City List |
| Thomas Easley | COMHAR | 2201 East York Street | Community Placement | ☒ "Original" List ☒ City List |
| Maurice Ebo | Human Services Consultants | 6011 Torresdale Avenue | Community Placement | ☒ "Original" List ☒ City List |
| Donald Edmondson | COMHAR | 4945 Pennway Street | Community Placement | ☒ "Original" List ☒ City List |
| Jeremiah Ellis | Assoc. for Independent Growth | 2931 South 70th Street | Community Placement | ☒ "Original" List ☒ City List |
| Kimbra Emig | Northwest Center | 460 Consumerson Avenue | Community Placement | ☒ "Original" List ☒ City List |
| Karen Engle | Benjamin Rush | 9228 Annapolis Road | Community Placement | ☒ "Original" List ☒ City List |
| Julian Espada | SPIN | 4033 Bulasson Street | Community Placement | ☒ "Original" List ☒ City List |
| Juanita Evans | Step By Step | 8500 Lindbergh Boulevard, Apt 1012 | Community Placement | ☒ "Original" List ☒ City List |
| Seraphine Falance | KenCCID | 533 East Allegheny Avenue | Community Placement | ☒ "Original" List ☒ City List |
| Joseph Famiglio | JEVS | 1605 Borbeck Avenue, 1st Floor | Community Placement | ☒ "Original" List ☒ City List |
| Rocco Fera | EMAN Community Living | 7740C Stenton Avenue | Community Placement | ☒ "Original" List ☒ City List |
| Edward Feyhl | Overbrook Friedlander Program | 7408 Haverford Avenue, Apt 110 | Community Placement | ☒ "Original" List ☒ City List |
| Denise Fields | Lynch Community Homes (Chester Co ) | 462 Old Forge Road | Community Placement | ☒ "Original" List ☒ City List |
| Stephen Finkel | Lynch Community Homes (Montgomery Co ) | 3405 Larch Road | Community Placement | ☒ "Original" List ☒ City List |
| Joseph Finnegan | KenCCID | 4556 DuReid Street | Community Placement | ☒ "Original" List ☒ City List |
| Lena Fiorelli | Horizon House | 1100 South Broad Street, Apt B302 | Community Placement | ☒ "Original" List ☒ City List |
| John Fisher | KenCrest Services | 6224 Whitaker Avenue | Community Placement | ☒ "Original" List ☒ City List |
| Kenneth Fleishacker | Horizon House | 501 South 47th Street, Apt 202 | Community Placement | ☒ "Original" List ☒ City List |
| Constance Fox | SPIN | 1942 Bird Street, 2nd Floor | Community Placement | ☒ "Original" List ☒ City List |
| Howard Freeman | Northwest Center | 118 West Upsal Street | Community Placement | ☒ "Original" List ☒ City List |

618

■■■■■■■■■■

| | Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|---|
| 120 | Barbara Friedman | Community Placement | KenCrest Services | 612 East Airy Avenue | ☒ "Original" List ☒ City List |
| 121 | Kristine Fulmer | Community Placement | UCPA | 5124 Wynnefield Avenue | ☒ "Original" List ☒ City List |
| 122 | Bradshaw Funderburke | Community Placement | KenCCID | 4635 Deman Street | ☒ "Original" List ☒ City List |
| 123 | Robert Furst | Community Placement | KenCrest Services | 6601 McCallum Street | ☒ "Original" List ☒ City List |
| 124 | Wayne Gaddy | Community Placement | Step-By-Step | 5412 Catherine Street | ☒ "Original" List ☒ City List |
| 125 | Leonard Galpiman | Community Placement | COMHAR | 3909 Richmond Street | ☒ "Original" List ☒ City List |
| 126 | Diane Garber | Community Placement | Northwest Center | 238 West Mt Pleasant Street | ☒ "Original" List ☒ City List |
| 127 | Mario Garcia | Community Placement | KenCrest Services | 6601 McCallum Street | ☒ "Original" List ☒ City List |
| 128 | Althea Garvin | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt. 424 | ☒ "Original" List ☒ City List |
| 129 | Elizabeth Gaul | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt. 105 | ☒ "Original" List ☒ City List |
| 130 | Shirley Gelman | Community Placement | UCPA | 8101 Gilbert Street | ☒ "Original" List ☒ City List |
| 131 | Joan Gerner | Community Placement | Assoc. for Independent Growth | 7323 Rockwell Street, Apt 8 | ☒ "Original" List ☒ City List |
| 132 | Robert Gibson | Community Placement | Assoc. for Independent Growth | 7701 Lindbergh Boulevard, Apt 1117 | ☒ "Original" List ☒ City List |
| 133 | Suzanne Gilderman | Community Placement | Horizon House | 2700 South 76th Street, 1st Floor | ☒ "Original" List ☒ City List |
| 134 | Thomas Gillespie | Community Placement | KenCrest Services | 114 West Johnson Street | ☒ "Original" List ☒ City List |
| 135 | Walter Gilliam | Community Placement | Step By Step | 5412 Catherine Street | ☒ "Original" List ☒ City List |
| 136 | Arthur Gipson | Community Placement | UCPA | 6635 McCallum Street, Apt 6308 | ☒ "Original" List ☒ City List |
| 137 | James Gipson | Community Placement | UCPA | 6635 McCallum Street, Apt 8107 | ☒ "Original" List ☒ City List |
| 138 | Gerald Glaser | Community Placement | Step By Step | 5435 Diamond Street | ☒ "Original" List ☒ City List |
| 139 | Janet Glanzburg | Community Placement | Community Foundation | Diamond Street | ☒ "Original" List ☒ City List |
| 140 | Margaret Gleason | Community Placement | Assoc. for Independent Growth | 7701 Lindbergh Boulevard, Apt 2003 | ☒ "Original" List ☒ City List |
| 141 | Edward Goldberg | Community Placement | Northeast CMHMR | 115 East Godfrey Avenue | ☒ "Original" List ☒ City List |
| 142 | Donald Gomez | Community Placement | SPIN | 9400 Fargreen Lane, Apt 8 | ☒ "Original" List ☒ City List |
| 143 | Allen Gratzner | Community Placement | Step-By-Step | 7701 Lindbergh Boulevard, Apt. 1808 | ☒ "Original" List ☒ City List |
| 144 | David Green | Community Placement | Step By-Step | 5228 Irving Street | ☒ "Original" List ☒ City List |
| 145 | John Griffin | Community Placement | Assoc. for Independent Growth | 8400 Lindbergh Boulevard, Apt 2215 | ☒ "Original" List ☒ City List |
| 146 | Norman Grimes | Community Placement | Step-By-Step | 5228 Irving Street | ☒ "Original" List ☒ City List |
| 147 | Alfred Gross | Community Placement | JEVS | 1805 Borpeck Avenue, 1st Floor | ☒ "Original" List ☒ City List |
| 148 | Muriel Hadley | Community Placement | JEVS | 1742 44 Harrison Street | ☒ "Original" List ☒ City List |
| 149 | Anna Haerle | Community Placement | KenCCID | 533 East Allegheny Avenue | ☒ "Original" List ☒ City List |
| 150 | William Hairston | Community Placement | JEVS | 7701 Pickering Street | ☒ "Original" List ☒ City List |

Page 5

| | Name | Status | Residential Provider | Address | List Status | | |
|---|---|---|---|---|---|---|---|
| 151 | Joanne Halata | Community Placement | SPIN | 1962 Bell Street, 2nd Floor | ☒ "Original" List | ☒ City List |
| 152 | Helen Hale | Community Placement | KenCrest Services | 631 Vine Street | ☒ "Original" List | ☒ City List |
| 153 | Joseph Hall | Community Placement | PATH | 9215 Alton Street, 1st Floor | ☒ "Original" List | ☒ City List |
| 154 | Robert Harper | Community Placement | KenCrest Services | 114 West Johnson Street | ☒ "Original" List | ☒ City List |
| 155 | Aurora (Ruiz) Henderson | Community Placement | Assoc. for Independent Growth | 6606 North 11th Street | ☒ "Original" List | ☒ City List |
| 156 | Gerald Hengel | Community Placement | Assoc. for Independent Growth | 7701 Lindbergh Boulevard, Apt 816 | ☒ "Original" List | ☒ City List |
| 157 | John Henson | Community Placement | Step-By-Step | 7900 Lindbergh Boulevard, Apt #3908 | ☒ "Original" List | ☒ City List |
| 158 | Sheldon Hertzog | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt. V-2 | ☒ "Original" List | ☒ City List |
| 159 | Alvin Holloway | Community Placement | Northwest Center | 5345 North Camac Street | ☒ "Original" List | ☒ City List |
| 160 | William Holmes | Community Placement | Northwest Center | 300 West Albanus Street | ☒ "Original" List | ☒ City List |
| 161 | William Hopkins | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt R 2 | ☒ "Original" List | ☒ City List |
| 162 | Janet Hopwood | Community Placement | SPIN | 1962 Bell Street, 2nd Floor | ☒ "Original" List | ☒ City List |
| 163 | Priscilla Hudson | Community Placement | Northwest Center | 316 Mechanic Street | ☒ "Original" List | ☒ City List |
| 164 | Marie Huffnagle | Community Placement | INTERAC | 300 Parker Avenue Apt 101 | ☒ "Original" List | ☒ City List |
| 165 | Maceo Hughes | Community Placement | SPIN | 1207 Fred Place | ☒ "Original" List | ☒ City List |
| 166 | Thomas Hughes | Community Placement | INTERAC | 5508 Ridge Avenue | ☒ "Original" List | ☒ City List |
| 167 | Richard Hunt | Community Placement | JEVS | 7701 Pickering Street | ☒ "Original" List | ☒ City List |
| 168 | Israel Hunter | Community Placement | UCPA | 222C Cozy Lane Avenue, Presidential Apts | ☒ "Original" List | ☒ City List |
| 169 | Rita Hurley | Community Placement | UCPA | 4701 Pine Street Apt J5 | ☒ "Original" List | ☒ City List |
| 170 | Freda Jaffe | Community Placement | EMAN Community Living | 7900 A Stenton Avenue, Highland 104 | ☒ "Original" List | ☒ City List |
| 171 | John Janits | Community Placement | KenCCID | 505 East Allegheny Avenue | ☒ "Original" List | ☒ City List |
| 172 | Francis Jellyman | Community Placement | Benjamin Rush | 3400 Red Lion Road, Apt 62A | ☒ "Original" List | ☒ City List |
| 173 | Princetta Jenkins | Community Placement | EMAN Community Living | 7900 A Stenton Avenue, Highland 104 | ☒ "Original" List | ☒ City List |
| 174 | Raymond Jerry | Community Placement | Human Services Consultants | 2824 A Welsh Road | ☒ "Original" List | ☒ City List |
| 175 | Janice Jervis | Community Placement | Assoc. for Independent Growth | 7325 Rockwell Street, Apt A | ☒ "Original" List | ☒ City List |
| 176 | Robert Jimino | Community Placement | Assoc. for Independent Growth | 155 East Godfrey Avenue, Apt #E 204 | ☒ "Original" List | ☒ City List |
| 177 | Larry Joel | Community Placement | INTERAC | 7600 Stenton Avenue, Apt 4 D | ☒ "Original" List | ☒ City List |
| 178 | Allen Johnson | Community Placement | SPIN | 615 Hazel Street, Apt B | ☒ "Original" List | ☒ City List |
| 179 | Clyde Johnson | Community Placement | Human Services Consultants | 2824 A Welsh Road | ☒ "Original" List | ☒ City List |
| 180 | Joan Johnson | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt #106 | ☒ "Original" List | ☒ City List |
| 181 | Joseph Johnson | Community Placement | PATH | 1835 A Boyer Street, 1st Floor | ☒ "Original" List | ☒ City List |

Page 6

620

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 182 Lerone Johnson | Community Placement | KenCCID | 4668 DuMell Street | ☑ "Original" List ☐ List ☐ City List |
| 183 Anthony Jones | Community Placement | Horizon House | 4805 Chester Avenue | ☑ "Original" List ☐ List ☐ City List |
| 184 Charles Jones | Community Placement | SPIN | 10201 Selmar Street, 2nd Floor | ☑ "Original" List ☐ List ☐ City List |
| 185 Lloyd Jones | Community Placement | JEVS | 1164 East Upsal Street | ☑ "Original" List ☐ List ☐ City List |
| 186 Miriam Jones | Community Placement | UCPA | 1918 South 17th Street, 2nd Floor | ☑ "Original" List ☐ List ☐ City List |
| 187 Edward Jordon | Community Placement | PATH | 1835 Beyer Street, 1st Floor | ☑ "Original" List ☐ List ☐ City List |
| 188 Harry Kagel | Community Placement | Benjamin Rush | 600 Red Lion Road, Apt #A-9 | ☑ "Original" List ☐ List ☐ City List |
| 189 Josephine Kahringer | Community Placement | Horizon House | 1315 Federal Street | ☑ "Original" List ☐ List ☐ City List |
| 190 Daniel Kahulla | Community Placement | KenCrest Services | 5900 Pulaski Avenue | ☑ "Original" List ☐ List ☐ City List |
| 191 Charles Kamp | Community Placement | INTERAC | 117 Sevles Street | ☑ "Original" List ☐ List ☐ City List |
| 192 Henry Kanner | Community Placement | Step-By-Step | 7791 Lindbergh Boulevard, Apt #1608 | ☑ "Original" List ☐ List ☐ City List |
| 193 Yetta Kauderer | Community Placement | Assoc for Independent Growh | 6221 North 10th Street, Apt 336 | ☐ "Original" List ☐ List ☐ City List |
| 194 Jude Kelly | Community Placement | UCPA | 925 South 3rd Street | ☑ "Original" List ☐ List ☐ City List |
| 195 Peter Kelly | Community Placement | JEVS | 5051 Oxford Road, Apt 5 | ☐ "Original" List ☐ List ☐ City List |
| 196 Robert Keown | Community Placement | Northwest Center | 7015 Ridge Avenue Apt 13 | ☑ "Original" List ☐ List ☑ City List |
| 197 James Kephart | Community Placement | UCPA | 6435 McCallum Street, Apt B308 | ☑ "Original" List ☐ List ☐ City List |
| 198 James Kerrigan | Community Placement | JEVS | 5051 Oxford Road Apt 31 | ☑ "Original" List ☐ List ☐ City List |
| 199 Deborah Kersey | Community Placement | Assoc for Independent Growh | 7323 Rockwell Street, Apt B | ☐ "Original" List ☐ List ☐ City List |
| 200 Peter Klatcher | Community Placement | Assoc for Independent Growh | 8400 Lindbergh Boulevard, Apt 829 | ☐ "Original" List ☐ List ☐ City List |
| 201 William R. Knight | Community Placement | KenCrest Services | 8224 Wissahickon Avenue | ☐ "Original" List ☐ List ☐ City List |
| 202 Michael Kohut | Community Placement | SPIN | 4204 St. Deins Drive, Apt A | ☐ "Original" List ☐ List ☐ City List |
| 203 Frank Konopka | Community Placement | JEVS | 1605 Borbeck Avenue 2nd Floor | ☐ "Original" List ☐ List ☐ City List |
| 204 Joseph Kozlowski | Community Placement | Assoc for Independent Growh | 8400 Lindbergh Boulevard, Apt 2215 | ☑ "Original" List ☐ List ☐ City List |
| 205 Gilbert Krolz | Community Placement | KenCrest Services | 5900 Pulaski Avenue | ☐ "Original" List ☐ List ☐ City List |
| 206 Neal Lackman | Community Placement | PATH | 9215 Alton Street, 2nd Floor | ☐ "Original" List ☐ List ☐ City List |
| 207 William Lank | Community Placement | SPIN | 3344 Red Lion Road, Apt B | ☐ "Original" List ☐ List ☐ City List |
| 208 Doreen Lee | Community Placement | Salvation Army | 8414 Woodcrest Avenue | ☐ "Original" List ☐ List ☐ City List |
| 209 Alice Letridge | Community Placement | SPIN | 2840 Brighton Place, Apt A | ☐ "Original" List ☐ List ☐ City List |
| 210 Bonnie Leshock | Community Placement | Northwest Center | 3806 Marayunk Avenue | ☐ "Original" List ☐ List ☐ City List |
| 211 Ralph Lewis | Community Placement | KenCrest Services | 8824 Roosevelt Boulevard | ☐ "Original" List ☐ List ☐ City List |
| 212 Vanessa Lewis | Community Placement | Step-By-Step | 7900 Lindbergh Boulevard, Apt 3916 | ☐ "Original" List ☐ List ☐ City List |

| | Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|---|
| 213 | John Liberatore | Community Placement | JEVS | 1605 Boradck Avenue, 2nd Floor | ☒ "Original" List ☐ City List |
| 214 | Carol Lidle | Community Placement | KenCrest Services | 8027 Woolston Avenue | ☒ "Original" List ☐ City List |
| 215 | Charlotte Lindsey | Community Placement | UCPA | 1918 South 17th Street, 2nd Floor | ☒ "Original" List ☒ City List |
| 216 | Gary Lindsey | Community Placement | Step-By-Step | 8500 Lindbergh Boulevard, Apt. 1903 | ☒ "Original" List ☒ City List |
| 217 | Gregory Line | Community Placement | INTERAC | 117 Seville Street | ☒ "Original" List ☒ City List |
| 218 | Harvey Lipson | Community Placement | Step-By-Step | 7701 Lindbergh Boulevard, Apt. 1608 | ☒ "Original" List ☒ City List |
| 219 | Dolores London | Community Placement | SPIN | 4033 Blakiston Street | ☒ "Original" List ☒ City List |
| 220 | Robert London | Community Placement | KenCrest Services | 8601 McCallum Street | ☒ "Original" List ☒ City List |
| 221 | Heliodoro Lopez | Community Placement | APM | 2855 North Howard Street | ☒ "Original" List ☒ City List |
| 222 | Jacqueline Lott | Community Placement | JEVS | 4513-15 Osman Street | ☒ "Original" List ☒ City List |
| 223 | Josephine Lucas | Community Placement | COMHAR | 129-159 West Allegheny Avenue | ☒ "Original" List ☒ City List |
| 224 | Clarence Lundy | Community Placement | SPIN | 10201 Selmer Street, 1st Floor | ☒ "Original" List ☒ City List |
| 225 | Michael Lutman | Community Placement | SPIN | 9400 Fargreen Lane, Apt. A | ☒ "Original" List ☒ City List |
| 226 | Edward Luter | Community Placement | INTERAC | 2405 North 54th Street | ☒ "Original" List ☒ City List |
| 227 | James Lynsky | Community Placement | INTERAC | 5508 Ridge Avenue | ☒ "Original" List ☒ City List |
| 228 | John Macciocca | Community Placement | KenCrest Services | 7201 Sprague Street | ☒ "Original" List ☒ City List |
| 229 | Beverly Malamut | Community Placement | Assoc. for Independent Growth | 7701 Lindbergh Boulevard, Apt 2003 | ☒ "Original" List ☒ City List |
| 230 | Geraldine Malare | Community Placement | JEVS | 1742 44 Humann Street | ☒ "Original" List ☒ City List |
| 231 | Edward Mallon | Community Placement | JEVS | 5529 Morris Street | ☒ "Original" List ☒ City List |
| 232 | Myrtle Mansfield | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt 426 | ☒ "Original" List ☒ City List |
| 233 | Stephen Martorano | Community Placement | Human Services Consultants | 12097 Glenleaf Road | ☒ "Original" List ☒ City List |
| 234 | Patricia McAnulty | Community Placement | Assoc. for Independent Growth | 6501 North 4th Street, Apt A | ☒ "Original" List ☒ City List |
| 235 | Mary McCarthy | Community Placement | JEVS | 1310 West 66th Avenue, 1st Floor | ☒ "Original" List ☒ City List |
| 236 | Laurie McCollum | Community Placement | Step-By-Step | 7900 Lindbergh Boulevard, Apt 4706 | ☒ "Original" List ☒ City List |
| 237 | John Wayne McConnell | Community Placement | Overbrook Friedlander Program | 7400 Haverford Avenue, Apt 116 | ☒ "Original" List ☒ City List |
| 238 | Joseph McCullough | Community Placement | JEVS | 1164 East Upsal Street | ☒ "Original" List ☒ City List |
| 239 | Margaret McDonald | Community Placement | INTERAC | 300 Parker Avenue | ☒ "Original" List ☒ City List |
| 240 | Jennifer McLaughlin | Community Placement | UCPA | 6150 Torresdale Avenue | ☒ "Original" List ☒ City List |
| 241 | Mark McMaster | Community Placement | SPIN | 2840 Brighton Place, Apt B | ☒ "Original" List ☒ City List |
| 242 | Charles McMullen | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt V 2 | ☒ "Original" List ☒ City List |
| 243 | Hubert McNeal | Community Placement | Benjamin Rush | 600 Red Lion Road, Apt T 7 | ☒ "Original" List ☒ City List |

622

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 244 Eleanor McVeigh | Community Placement | UCPA | 2246 North 51st Street | ☒ "Original" List ☒ City List |
| 245 Violet Medley | Community Placement | Benjamin Rush | 3400 Red Lion Road, Apt. 56A-1 | ☒ "Original" List ☒ City List |
| 246 Patricia Meehan | Community Placement | Assoc. for Independent Growth | 7323 Rockwell Street, Apt. A | ☒ "Original" List ☒ City List |
| 247 Pasquale Melchiorre | Community Placement | Northeast CMH/MR | 155 East Godfrey Avenue, Apt. E-504 | ☒ "Original" List ☒ City List |
| 248 Paul Melvin | Community Placement | AVS | 3519-25 Woodhaven Road | ☒ "Original" List ☒ City List |
| 249 Joseph Menei | Community Placement | COMHAR | 3909 Richmond Street | ☒ "Original" List ☒ City List |
| 250 George Meyers | Community Placement | Lynch Community Homes (Montgomery Co.) | 3405 Larch Road | ☒ "Original" List ☐ City List |
| 251 Janet Mignona | Community Placement | KenCCID | 4722 Griscom Street | ☒ "Original" List ☒ City List |
| 252 Mary Ann Mikosz | Community Placement | Assoc. for Independent Growth | 6806 North 11th Street | ☒ "Original" List ☒ City List |
| 253 Eugene Millard | Community Placement | INTERAC | 7600 Stenton Avenue, Apt. 4-D | ☒ "Original" List ☒ City List |
| 254 Donald Miller | Community Placement | Step-By-Step | 5435 Diamond Street | ☒ "Original" List ☒ City List |
| 255 Herman Mills | Community Placement | JEVS | 7701 Pickering Street | ☒ "Original" List ☒ City List |
| 256 Anthony Mini | Community Placement | Northwest Center | 300 West Albanus Street | ☒ "Original" List ☒ City List |
| 257 Joseph Minicello | Community Placement | KenCrest Services | 6229 Wissahickon Avenue | ☒ "Original" List ☒ City List |
| 258 Joseph Mitchell | Community Placement | Human Services Consultants | 5016 C Street | ☒ "Original" List ☐ City List |
| 259 William Mitchell | Community Placement | Horizon House | 501 South 47th Street, Apt. 102 | ☒ "Original" List ☒ City List |
| 260 Ruby Mixson | Community Placement | Assoc. for Independent Growth | 5501 North 4th Street, Apt. A | ☒ "Original" List ☒ City List |
| 261 Kathleen Mogan | Community Placement | KenCrest Services | 3430 Henry Avenue | ☒ "Original" List ☒ City List |
| 262 Melvin Mokrin | Community Placement | PATH | 2436 Hartel Street, 2nd Floor | ☒ "Original" List ☒ City List |
| 263 George Moore | Community Placement | UCPA | 829 South 3rd Street | ☒ "Original" List ☒ City List |
| 264 Wanda Motyl | Community Placement | Assoc. for Independent Growth | 7323 Rockwell Street, Apt. A | ☒ "Original" List ☒ City List |
| 265 Marian Mullen | Community Placement | Northwest Center | 31 East Mt. Airy Avenue | ☒ "Original" List ☒ City List |
| 266 Helen Munzer | Community Placement | Human Services Consultants | 10210 West Keswick Road | ☒ "Original" List ☒ City List |
| 267 Lewis Murray | Community Placement | Overbrook Friedlander Program | 7400 Haverford Avenue, Apt. 110 | ☒ "Original" List ☒ City List |
| 268 Patricia Napolitano | Community Placement | Assoc. for Independent Growth | 5301 North 10th Street | ☒ "Original" List ☒ City List |
| 269 John Nelson | Community Placement | KenCrest Services | 5300 Pulaski Avenue | ☒ "Original" List ☒ City List |
| 270 Martin New | Community Placement | PATH | 7249 Rupert Street | ☒ "Original" List ☒ City List |
| 271 Vernon Nickelson | Community Placement | Human Services Consultants | 5016 C Street | ☒ "Original" List ☒ City List |
| 272 Lester Noch | Community Placement | Assoc. for Independent Growth | 2531 South 70th Street | ☒ "Original" List ☒ City List |
| 273 John Noga | Community Placement | Overbrook Friedlander Program | 7400 Haverford Avenue, Apt. 109 | ☒ "Original" List ☒ City List |
| 274 Robert Nowaczyk | Community Placement | UCPA | 5916 North Hutchinson Street | ☒ "Original" List ☒ City List |

| | Name | Status | Residential Provider | Address | List Status | | |
|---|---|---|---|---|---|---|---|
| 275 | Patricia O'Brien | Community Placement | Assoc. for Independent Growth | 5501 North 4th Street | ☒ "Original" List | ☒ City List |
| 276 | John H. Obernotlzer | Community Placement | SPIN | 4204 St. Denis Drive, Apt A | ☒ "Original" List | ☒ City List |
| 277 | Robert Ochs | Community Placement | KenCrest Services | 7201 Sprague Street | ☒ "Original" List | ☒ City List |
| 278 | Thomas Offenback | Community Placement | KenCrest Services | 6601 McCallum Street | ☒ "Original" List | ☒ City List |
| 279 | Thomas Oglesby | Community Placement | KenCrest Services | 114 West Johnson Street | ☒ "Original" List | ☒ City List |
| 280 | Francis Orr | Community Placement | Assoc. for Independent Growth | 7701 Lindbergh Boulevard, Apt 714 | ☒ "Original" List | ☒ City List |
| 281 | Joan Orzechowski | Community Placement | Assoc. for Independent Growth | 613 Elkins Avenue | ☒ "Original" List | ☐ City List |
| 282 | Matella Outlaw | Community Placement | KenCrest Services | 873 North 5th Street | ☒ "Original" List | ☒ City List |
| 283 | Albert Packer | Community Placement | Benjamin Rush | 600 Red Lion Road, Apt T 7 | ☒ "Original" List | ☒ City List |
| 284 | Lawrence Painter | Community Placement | Assoc. for Independent Growth | 8400 Lindbergh Boulevard, Apt 609 | ☒ "Original" List | ☒ City List |
| 285 | Dominic Palena | Community Placement | Overbrook Friedlander Program | 1900 Wynnewood Road | ☒ "Original" List | ☒ City List |
| 286 | Benjamin Parnes | Community Placement | JEVS | 9042 F Street | ☒ "Original" List | ☒ City List |
| 287 | Jerome Partlow | Community Placement | EMAN Community Living | 7740C Stenton Avenue, Sunset 109 | ☒ "Original" List | ☒ City List |
| 288 | John Pelc | Community Placement | COMHAR | 129-159 West Allegheny Avenue | ☒ "Original" List | ☒ City List |
| 289 | Martha Pelham | Community Placement | Assoc. for Independent Growth | 6221 North 10th Street, Apt 336 | ☒ "Original" List | ☒ City List |
| 290 | Abigail Perales | Community Placement | Step By Step | 7900 Lindbergh Boulevard, Apt 3916 | ☒ "Original" List | ☒ City List |
| 291 | Margaret Perez | Community Placement | Northwest Center | 929 Alburger Street | ☒ "Original" List | ☒ City List |
| 292 | Raymond Perry | Community Placement | Assoc. for Independent Growth | 800 Coxman Avenue Apt 17782 | ☒ "Original" List | ☒ City List |
| 293 | Kathleen Pessalano | Community Placement | KenCrest Services | 612 East Mt Airy Avenue 2nd Floor | ☒ "Original" List | ☒ City List |
| 294 | Kathleen Philmore | Community Placement | Human Services Consultants | 3036 Derry Road | ☒ "Original" List | ☒ City List |
| 295 | Dominic Piccone | Community Placement | SPIN | 3344 Red Lion Road Apt A | ☒ "Original" List | ☒ City List |
| 296 | Suzanne Pillero | Community Placement | AVS | 5825 Lindbergh Boulevard | ☒ "Original" List | ☒ City List |
| 297 | Richard Pittman | Community Placement | Step By Step | 3435 Diamond Street | ☒ "Original" List | ☒ City List |
| 298 | Peter Powers | Community Placement | Step By Step | 8500 Lindbergh Boulevard, Apt 2307 | ☒ "Original" List | ☒ City List |
| 299 | Charles Pratt | Community Placement | PATH | 2218 Hollingale Street, 1st Floor | ☒ "Original" List | ☒ City List |
| 300 | David Preusch | Community Placement | COMHAR | 9716 Verree Road | ☒ "Original" List | ☐ City List |
| 301 | Cassino Price | Community Placement | Assoc. for Independent Growth | 342 Claremont Road, Apt A | ☒ "Original" List | ☒ City List |
| 302 | Donald Price | Community Placement | UCPA | 8712 Ermen Street | ☒ "Original" List | ☒ City List |
| 303 | Lydia Price | Community Placement | UCPA | 2088 Cry Line Avenue, Freedenest Apts | ☒ "Original" List | ☒ City List |
| 304 | Derrick Priester | Community Placement | Step By Step | 5226 Irving Street | ☒ "Original" List | ☒ City List |
| 305 | James Privott | Community Placement | JEVS | 5520 Morris Street | ☒ "Original" List | ☒ City List |

| | Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|---|
| 306 | Juanita Randolph | Community Placement | Community Foundation | Diamond Street | ☒ "Original" List ☒ City List |
| 307 | Angeline Recupero | Community Placement | Assoc. for Independent Growth | 6201 North 11th Street, Apt. 334 | ☒ "Original" List ☒ City List |
| 308 | Margaret Reilly | Community Placement | Greenwich Services, Inc | 5703 Virginian Road | ☒ "Original" List ☒ City List |
| 309 | Mary Reilly | Community Placement | Salvation Army | 6414 Woodcrest Avenue | ☒ "Original" List ☒ City List |
| 310 | Margaret Reitz | Community Placement | Northwest Center | 238 West Mt Pleasant Avenue | ☒ "Original" List ☒ City List |
| 311 | David Resnick | Community Placement | Lynch Community Homes (Chester Co ) | 6 Tom's Circle | ☒ "Original" List ☒ City List |
| 312 | Judy Rickner | Community Placement | JEVS | 1742-44 Harrison Street | ☒ "Original" List ☒ City List |
| 313 | Donald Righter | Community Placement | INTERAC | 7600 Stenton Avenue, Apt. 4-D | ☒ "Original" List ☒ City List |
| 314 | Angeline Rinaldi | Community Placement | Northeast CMH/MR | 155 East Godfrey Avenue, Apt. F-403 | ☒ "Original" List ☒ City List |
| 315 | Joseph Rittinger | Community Placement | SPIN | 4033 Baldson Street | ☒ "Original" List ☒ City List |
| 316 | William Rittinger | Community Placement | Step-By-Step | 7701 Lindbergh Boulevard, Apt. 1006 | ☒ "Original" List ☒ City List |
| 317 | Miguel Rivera | Community Placement | APM | 349 North 6th Street | ☒ "Original" List ☒ City List |
| 318 | Earl Robinson | Community Placement | Northwest Center | 118 West Upsal Street | ☒ "Original" List ☒ City List |
| 319 | Maria Roman | Community Placement | KenCrest Services | 155 East Godfrey Avenue, Apt. N 201 | ☒ "Original" List ☒ City List |
| 320 | Ronald Romano | Community Placement | Overbrook Friedlander Program | 1900 Wynnewood Road | ☒ "Original" List ☒ City List |
| 321 | Nicholas Romeo | Community Placement | SPIN | 3607 Red Lion Road, Apt A | ☒ "Original" List ☒ City List |
| 322 | Darryl Roscoe | Community Placement | INTERAC | 117 Seville Street | ☒ "Original" List ☒ City List |
| 323 | William Ross | Community Placement | PATH | 2609 Tremont Street, 1st Floor | ☒ "Original" List ☒ City List |
| 324 | Joseph Rozeman | Community Placement | COMHAR | 4719 Roserel Street | ☒ "Original" List ☒ City List |
| 325 | Donald Rugg | Community Placement | PATH | 2218 Hoffnagle Street | ☒ "Original" List ☒ City List |
| 326 | Charles Ryan | Community Placement | INTERAC | 174 East Street | ☒ "Original" List ☒ City List |
| 327 | Beryl Sailfrank | Community Placement | Northwest Center | 31 East Mt Airy Avenue | ☒ "Original" List ☒ City List |
| 328 | Rosa Sanchez | Community Placement | KenCCID | 2114 East Somerset Street, Apt 1 | ☒ "Original" List ☒ City List |
| 329 | Rose Mari Santiago | Community Placement | Greenwich Services, Inc | 1509 South 6th Street | ☒ "Original" List ☒ City List |
| 330 | John Sartor | Community Placement | Step-By-Step | 8500 Lindbergh Boulevard, Apt. 1903 | ☒ "Original" List ☒ City List |
| 331 | Nancy Sartor | Community Placement | Northwest Center | 929 Alburger Avenue | ☒ "Original" List ☒ City List |
| 332 | Estella Saunders | Community Placement | UCPA | 6150 Torresdale Avenue | ☒ "Original" List ☒ City List |
| 333 | Joel Saunders | Community Placement | PATH | 2340 Benson Street, 2nd Floor | ☒ "Original" List ☒ City List |
| 334 | Thelma Sawyer | Community Placement | Northwest Center | 3906 Manayunk Avenue | ☒ "Original" List ☒ City List |
| 335 | John Sbarra | Community Placement | Greenwich Services, Inc | 4907 Cedar Street, 1st Floor Front | ☒ "Original" List ☒ City List |
| 336 | John Schmitt | Community Placement | Northwest Center | 300 West Allanus Street | ☒ "Original" List ☒ City List |

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 337 Robert Scullin | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt. R-2 | "Original" List City List |
| 338 Donald Scurry | Community Placement | Step-By-Step | 8500 Lindbergh Boulevard, Apt 1903 | "Original" List City List |
| 339 Albert Serglennes | Community Placement | UCPA | 6710 Emlen Street | "Original" List City List |
| 340 Steven Shapiro | Community Placement | PATH | 2340 Benson Street, 2nd Floor | "Original" List City List |
| 341 Albert Shemp | Community Placement | EMAN Community Living | 120 East Gorgas Lane | "Original" List City List |
| 342 Rose Shipman | Community Placement | Northwest Center | 31 East Mt Airy Avenue | "Original" List City List |
| 343 Drusilla Simon | Community Placement | Community Foundation | Diamond Street | "Original" List City List |
| 344 Anna Sinatra | Community Placement | Assoc. for Independent Growth | 6221' North 10th Street, Apt. 336 | "Original" List City List |
| 345 Lawrence Singer | Community Placement | Step-By-Step | 5412 Catherine Street | "Original" List City List |
| 346 Anthony Smith | Community Placement | Horizon House | 4805 Chester Avenue | "Original" List City List |
| 347 John W. Smith | Community Placement | Step-By-Step | 7701 Lindbergh Boulevard, Apt. 1006 | "Original" List City List |
| 348 Lorraine Smith | Community Placement | UCPA | 2248 North 51st Street | "Original" List City List |
| 349 Mary Smith | Community Placement | EMAN Community Living | 7900A Stenton Avenue, Highland 104 | "Original" List City List |
| 350 Charles Snapp | Community Placement | EMAN Community Living | 120 East Gorgas Lane | "Original" List City List |
| 351 Stanley Snyder | Community Placement | PATH | 2391 Benson Street, 1st Floor | "Original" List City List |
| 352 Arnold Sokoloff | Community Placement | PATH | 9215 Alton Street, 2nd Floor | "Original" List City List |
| 353 Louis Solomon | Community Placement | Human Services Consultants | 8116 Rowland Avenue | "Original" List Cky List |
| 354 Reynaldo Soto | Community Placement | KenCrest Services | 3432 Henry Avenue | "Original" List City List |
| 355 Joseph Spare | Community Placement | Assoc. for Independent Growth | 7701 Lindbergh Boulevard, Apt 802 | "Original" List City List |
| 356 Angeline Spatola | Community Placement | PATH | 7985 Algon Avenue, 1st Floor | "Original" List City List |
| 357 William Spiekerman | Community Placement | INTERAC | 5508 Ridge Avenue | "Original" List City List |
| 358 James E. Stamps | Community Placement | Elwyn CRS | 3900 Chestnut Street, Apt 235 | "Original" List City List |
| 359 Bernard Steinberg | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt B 2 | "Original" List City List |
| 360 Mary Stewart | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt 105 | "Original" List City List |
| 361 Ralph Stokely | Community Placement | SPIN | 3607 Red Lion Road, Apt B | "Original" List City List |
| 362 Edward Street | Community Placement | Horizon House | 1800 Morris Street | "Original" List City List |
| 363 Joseph Student | Community Placement | Northwest Center | 15024 Worthington Street | "Original" List City List |
| 364 Paul Sumsky | Community Placement | UCPA | 222C Cay Line Avenue, Presidential Apts | "Original" List City List |
| 365 Mary Jo Swinburne | Community Placement | Lynch Community Homes (Chester Co ) | R.D #1, Snyder Avenue | "Original" List City List |
| 366 Daniel Sylvestro | Community Placement | Horizon House | 901 South 47th Street, Apt 102 | "Original" List City List |
| 367 Lilly Sypho | Community Placement | Step By Step | 8500 Lindbergh Boulevard, Apt 1412 | "Original" List City List |

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 368 Paul Taggart | Community Placement | SPIN | 2840 Brighton Place, Apt. B | ☒ "Original" List ☒ City List |
| 369 Shelly Tannenbaum | Community Placement | UCPA | 5124 Wynnefield Avenue | ☒ "Original" List ☒ City List |
| 370 Stephen Tartaglia | Community Placement | Horizon House | 1800 Morris Street | ☒ "Original" List ☒ City List |
| 371 Diane Tascione | Community Placement | Human Services Consultants | 10210 West Keswick Road | ☒ "Original" List ☒ City List |
| 372 Linda Taub | Community Placement | Overbrook Friedlander Program | 1900 Wynnewood Road | ☒ "Original" List ☒ City List |
| 373 Sally Tedor | Community Placement | Horizon House | 1406 South 7th Street | ☒ "Original" List ☒ City List |
| 374 Anna L. Tholen | Community Placement | Lynch Community Homes (Chester Co) | R.D. #1, Snyder Avenue | ☒ "Original" List ☒ City List |
| 375 Elijah Thomas | Community Placement | Horizon House | 3135 Eisenhower Drive | ☒ "Original" List ☒ City List |
| 376 Mary Lou Thomas | Community Placement | Overbrook Friedlander Program | 1900 Wynnewood Road | ☒ "Original" List ☒ City List |
| 377 William Thompson | Community Placement | SPIN | 4204 St. Denis Drive, Apt. B | ☒ "Original" List ☒ City List |
| 378 Joseph Tierney | Community Placement | EMAN Community Living | 729 East Vernon Road | ☒ "Original" List ☒ City List |
| 379 Anna Tomlinson | Community Placement | KenCCID | 3139 Frankford Avenue | ☒ "Original" List ☒ City List |
| 380 Charles Topoleski | Community Placement | Assoc. for Independent Growth | 7791 Lindbergh Boulevard, Apt. 802 | ☒ "Original" List ☒ City List |
| 381 Vincent Trallo | Community Placement | INTERAC | 5508 Ridge Avenue | ☒ "Original" List ☒ City List |
| 382 Dorothy Trimber | Community Placement | PATH | 7963 Algon Avenue, 1st Floor | ☒ "Original" List ☒ City List |
| 383 Anthony Tutino | Community Placement | Horizon House | 801 South 47th Street, Apt. 202 | ☒ "Original" List ☒ City List |
| 384 David Valli | Community Placement | PATH | 9215 Alton Street, 1st Floor | ☒ "Original" List ☒ City List |
| 385 Richard Vernick | Community Placement | COMHAR | 2201 East Venango Street | ☒ "Original" List ☒ City List |
| 386 Rose Viscusi | Community Placement | EMAN Community Living | 6601 Buckmore Street, Apt. D | ☒ "Original" List ☒ City List |
| 387 Peter Viscusalo | Community Placement | JEVS | 5051 Oxford Avenue, Apt. 31 | ☒ "Original" List ☒ City List |
| 388 Joseph Vitale | Community Placement | Lynch Community Homes (Montgomery Co) | 3405 Larch Road | ☒ "Original" List ☒ City List |
| 389 Ernest Volpack | Community Placement | SPIN | 9400 Fairgreen Lane, Apt. A | ☒ "Original" List ☒ City List |
| 390 Richard Voshkuhl | Community Placement | UCPA | 829 South 3rd Street | ☒ "Original" List ☒ City List |
| 391 Kim Waddell | Community Placement | EMAN Community Living | 7740C Samson Avenue, Sunset 110 | ☒ "Original" List ☒ City List |
| 392 Harold Wagman | Community Placement | Human Services Consultants | 8116 Roysland Avenue | ☒ "Original" List ☒ City List |
| 393 Claire Walsh | Community Placement | Elwyn CRS | 801 Locust Street, Apt. 214 | ☒ "Original" List ☒ City List |
| 394 Michael Walshock | Community Placement | SPIN | 9214 Cottage Street | ☒ "Original" List ☒ City List |
| 395 Margaret Ward | Community Placement | Assoc. for Independent Growth | 600 Cottman Avenue, Apt. 16682 | ☒ "Original" List ☒ City List |
| 396 Louise Watkins | Community Placement | UCPA | 2088 City Line Avenue, Presidential Apts | ☒ "Original" List ☒ City List |
| 397 Margo Watt | Community Placement | Northwest Center | 239 West Mt. Pleasant Avenue | ☒ "Original" List ☒ City List |
| 398 Anna Carol Watts | Community Placement | UCPA | 2246 North 51st Street | ☒ "Original" List ☒ City List |

| | Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|---|
| 399 | Patricia Watts | Community Placement | COMHAR | 228 Ashdale Street | ☑"Original" List ☑City List |
| 400 | Thomas Weaver | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt. 625 | ☑"Original" List ☑City List |
| 401 | Patricia Webster | Community Placement | Greenwich Services, Inc | 5703 Virginian Road | ☑"Original" List ☑City List |
| 402 | Barton Weinstein | Community Placement | PATH | 9215 Alton Street, 1st Floor | ☑"Original" List ☑City List |
| 403 | Edward Weinstein | Community Placement | SPIN | 9465 Ashton Road, Apt. A | ☑"Original" List ☑City List |
| 404 | Meyer Wessel | Community Placement | EMAN Community Living | 50 East Johnson Street | ☑"Original" List ☑City List |
| 405 | Barbara Wheeler | Community Placement | EMAN Community Living | 143 East Mt. Airy Avenue | ☑"Original" List ☑City List |
| 406 | Thomas White | Community Placement | Horizon House | 801 South 47th Street, Apt. 202 | ☑"Original" List ☑City List |
| 407 | Lorraine Williams | Community Placement | UCPA | 4701 Pine Street, Apt J9 | ☑"Original" List ☑City List |
| 408 | Marguerite Williams | Community Placement | EMAN Community Living | 7740C Stenton Avenue, Sunset 110 | ☑"Original" List ☑City List |
| 409 | Camille Wilson | Community Placement | KenCrest Services | 612 East Mt. Airy Avenue, 2nd Floor | ☑"Original" List ☑City List |
| 410 | Deborah Wilson | Community Placement | KenCrest Services | 6810 Roosevelt Boulevard | ☑"Original" List ☑City List |
| 411 | Mary Louise Wise | Community Placement | AVS | 5825 Lindbergh Boulevard | ☑"Original" List ☑City List |
| 412 | John Woehlcke | Community Placement | UCPA | 6438 McCallum Street, Apt B187 | ☑"Original" List ☑City List |
| 413 | Bessie Wolfe | Community Placement | Assoc. for Independent Growth | 6201 North 10th Street, Apt 331 | ☑"Original" List ☑City List |
| 414 | Walter Wysoczanska | Community Placement | SPIN | 9465 Ashton Road Apt B | ☑"Original" List ☑City List |
| 415 | William Young | Community Placement | SPIN | 9465 Ashton Road Apt A | ☑"Original" List ☑City List |
| 416 | Mary Zehler | Community Placement | SPIN | 8017 8 More Street, 1st Floor | ☑"Original" List ☑City List |
| 417 | Susan Zelcovitz | Community Placement | KenCrest Services | 8027 Wedolson Avenue | ☑"Original" List ☑City List |
| 418 | Betty Zeoll | Community Placement | Salvation Army | 1801 Buttonwood Street, Apt 1109 | ☑"Original" List ☑City List |
| 419 | Michael Zibelman | Community Placement | EMAN Community Living | 6440 Scriquel Street | ☑"Original" List ☑City List |
| 420 | Steven Zielinski | Community Placement | Overbrook Friedlander Program | 7400 Haverford Avenue Apt 109 | ☑"Original" List ☑City List |
| 421 | Joel Zoll | Community Placement | Northwest Center | 7015 Ridge Avenue, Apt 13 | ☑"Original" List ☑City List |

### 421 Community Placement

| | Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|---|
| 422 | Donald Butler | Discharged From Services | Correctional Facility | | ☑"Original" List ☐City List |
| 423 | George London | Discharged From Services | Correctional Facility | | ☑"Original" List ☐City List |
| 424 | Ronald Moore | Discharged From Services | Elwyn CRS | 5100 Walnut Street, Apt 401C | ☑"Original" List ☐City List |

### 3 Discharged From Services

| | Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|---|
| 425 | Nancy Adams | Deceased | AVS - Vertee Road | | ☑"Original" List ☐City List |
| 426 | Donald Aldinger | Deceased | Lynch Home | | ☑"Original" List ☐City List |

628

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 427 Rodney Apgar | Deceased | Evelyn Apgar | | ☒ "Original" List ☒ City List |
| 428 Mary Barakatt | Deceased | | | ☒ "Original" List ☒ City List |
| 429 Andre Barrett | Deceased | Benjamin Rush | | ☒ "Original" List ☒ City List |
| 430 Hugh Basciano | Deceased | | | ☒ "Original" List ☒ City List |
| 431 Paul Bersh | Deceased | | | ☒ "Original" List ☒ City List |
| 432 Anthony Bonassi | Deceased | EMAN Community Living | 7740 Stenton Avenue, Apt C-108 | ☒ "Original" List ☒ City List |
| 433 Nicholas Bozzi | Deceased | Human Services Consultants | | ☒ "Original" List ☒ City List |
| 434 George Bryan | Deceased | | | ☒ "Original" List ☒ City List |
| 435 Albert Campbell | Deceased | | | ☒ "Original" List ☒ City List |
| 436 William Carter | Deceased | | | ☒ "Original" List ☒ City List |
| 437 Vito Ciao | Deceased | Assoc. for Independent Growth | | ☒ "Original" List ☐ City List |
| 438 Suzanne Clancy | Deceased | | | ☒ "Original" List ☒ City List |
| 439 Jean Clay | Deceased | | | ☒ "Original" List ☒ City List |
| 440 Raymond Crisola | Deceased | | | ☒ "Original" List ☐ City List |
| 441 James Daley | Deceased | Benjamin Rush | | ☒ "Original" List ☒ City List |
| 442 Robert Deems | Deceased | COMHAR | | ☒ "Original" List ☒ City List |
| 443 Francis Del Vecchio | Deceased | | | ☒ "Original" List ☒ City List |
| 444 John Desiderio | Deceased | JEVS | | ☒ "Original" List ☐ City List |
| 445 Ozzie Dublin | Deceased | Greenwich Services, Inc | | ☒ "Original" List ☒ City List |
| 446 Lillian Dueller | Deceased | | | ☒ "Original" List ☒ City List |
| 447 Lois Ebner | Deceased | | | ☒ "Original" List ☒ City List |
| 448 William Edwards | Deceased | COMHAR | | ☒ "Original" List ☒ City List |
| 449 Diane Feudo | Deceased | | | ☒ "Original" List ☒ City List |
| 450 John Foley | Deceased | | | ☒ "Original" List ☒ City List |
| 451 Isolde Freiman | Deceased | | | ☒ "Original" List ☒ City List |
| 452 Frederick Ginn | Deceased | Assoc. for Independent Growth | | ☒ "Original" List ☒ City List |
| 453 Max Goldman | Deceased | JEVS | | ☒ "Original" List ☒ City List |
| 454 Joseph Greco | Deceased | | | ☒ "Original" List ☒ City List |
| 455 Marianne Guidice | Deceased | | | ☒ "Original" List ☒ City List |
| 456 Lillie Mae Harmon | Deceased | | 2830 North 19th Street | ☒ "Original" List ☒ City List |
| 457 Ronald Harrison | Deceased | Pennhurst Center | | ☒ "Original" List ☐ City List |

| Name | Status | Residential Provider | Address | List Status |
|------|--------|----------------------|---------|-------------|
| 458 Frank Kampf | Deceased | COMHAR | | ☒ "Original" List ☒ City List |
| 459 Alan Kaufmann | Deceased | Assoc. for Independent Growth | 362 Claremont Road | ☒ "Original" List ☒ City List |
| 460 James Kelly | Deceased | | | ☒ "Original" List ☒ City List |
| 461 Shirley Kelly | Deceased | Assoc. for Independent Growth | 547 Allengrove Street | ☒ "Original" List ☒ City List |
| 462 Richard King | Deceased | | | ☒ "Original" List ☒ City List |
| 463 Nathan Krolz | Deceased | | | ☒ "Original" List ☒ City List |
| 464 Caroline Krystal | Deceased | | | ☒ "Original" List ☒ City List |
| 465 George Larer | Deceased | Northeast CMHAR | | ☒ "Original" List ☒ City List |
| 466 John Lawton | Deceased | | | ☒ "Original" List ☒ City List |
| 467 Oscar Lerner | Deceased | | | ☒ "Original" List ☒ City List |
| 468 Jennifer Levin | Deceased | COMHAR | | ☒ "Original" List ☒ City List |
| 469 Minnie Mahler | Deceased | Mayo Nursing Home | 650 Easton Avenue | ☒ "Original" List ☒ City List |
| 470 Carroll McCloskey | Deceased | | | ☒ "Original" List ☒ City List |
| 471 Michael McCloskey | Deceased | Woodhaven Center | | ☒ "Original" List ☐ City List |
| 472 Thomas Metzger | Deceased | | | ☒ "Original" List ☒ City List |
| 473 John Milton | Deceased | | | ☒ "Original" List ☒ City List |
| 474 Angelo Munizza | Deceased | UCPA | 6635 McCallum Street | ☒ "Original" List ☒ City List |
| 475 Florinda Nocito | Deceased | | | ☒ "Original" List ☒ City List |
| 476 Israel Orloff | Deceased | PATH | 2301 Benson Street | ☒ "Original" List ☒ City List |
| 477 John Osborn | Deceased | | | ☒ "Original" List ☒ City List |
| 478 Raymond Ott | Deceased | | | ☒ "Original" List ☒ City List |
| 479 Michael Pantaleo | Deceased | SPIN | | ☒ "Original" List ☒ City List |
| 480 Edward Precha | Deceased | Salvation Army | 2101 Chestnut Street | ☒ "Original" List ☒ City List |
| 481 Herbert Presker | Deceased | | | ☒ "Original" List ☒ City List |
| 482 Lena Raffel | Deceased | Assoc. for Independent Growth | | ☒ "Original" List ☒ City List |
| 483 Betty Ransome | Deceased | | | ☒ "Original" List ☒ City List |
| 484 Julia Rector | Deceased | | | ☒ "Original" List ☒ City List |
| 485 Bessie Reiss | Deceased | | | ☒ "Original" List ☐ City List |
| 486 Derek Richardson | Deceased | | | ☒ "Original" List ☐ City List |
| 487 Richard Rogers | Deceased | | | ☒ "Original" List ☐ City List |
| 488 Stanley Ross | Deceased | | | ☒ "Original" List ☒ City List |

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 489 Leonard Rolman | Deceased | PATH | | ☒ "Original" List ☒ City List |
| 490 Robert Saffren | Deceased | | | ☒ "Original" List ☐ City List |
| 491 Lois Schnell | Deceased | Assoc. for Independent Growth | | ☒ "Original" List ☒ City List |
| 492 Thelma Seligsohn | Deceased | EMAN Community Living | 7314 Devon Street | ☒ "Original" List ☒ City List |
| 493 Danville Sharpe | Deceased | | | ☒ "Original" List ☒ City List |
| 494 Mary Sheridan | Deceased | | | ☒ "Original" List ☒ City List |
| 495 Lillian Smith | Deceased | | | ☒ "Original" List ☐ City List |
| 496 Linda Snead | Deceased | | | ☒ "Original" List ☒ City List |
| 497 James Snyder | Deceased | | | ☒ "Original" List ☒ City List |
| 498 Martin Snyder | Deceased | | | ☒ "Original" List ☐ City List |
| 499 Lee Siensky | Deceased | | | ☒ "Original" List ☒ City List |
| 500 Elwood Taylor | Deceased | | | ☒ "Original" List ☒ City List |
| 501 Theodore Thomas | Deceased | | | ☒ "Original" List ☐ City List |
| 502 Harry Vassie | Deceased | | | ☒ "Original" List ☒ City List |
| 503 Louisa Volpack | Deceased | UCPA | | ☒ "Original" List ☒ City List |
| 504 Ralph Wheeler | Deceased | | | ☒ "Original" List ☒ City List |
| 505 Samuel Winter | Deceased | | | ☒ "Original" List ☒ City List |
| 506 Abraham Zlotnikoff | Deceased | UCPA | | ☒ "Original" List ☒ City List |

**82 Deceased**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 507 Joseph Broski | Inactive | Living With Family | 6926 Ardleigh Street | ☒ "Original" List ☒ City List |
| 508 Gerald Christy | Inactive | Out of State (New Jersey) | | ☒ "Original" List ☐ City List |
| 509 Damon Crome | Inactive | Living With Family | | ☒ "Original" List ☒ City List |
| 510 Pamela Follette | Inactive | Boarding Home | | ☒ "Original" List ☒ City List |
| 511 Mary Gable | Inactive | Living With Family | | ☒ "Original" List ☒ City List |
| 512 Josephine Ginlett - Hall | Inactive | Living Independently | 4219 Chester Avenue | ☒ "Original" List ☐ City List |
| 513 Larry Guess | Inactive | Living With Family | | ☒ "Original" List ☐ City List |
| 514 Lorenzo Harrington | Inactive | Living With Family | 2355 North Castle Street | ☒ "Original" List ☒ City List |
| 515 Rose Laird | Inactive | Living With Family | 1823 South 12th Street | ☒ "Original" List ☒ City List |
| 516 Mary Ann Lombardo | Inactive | | | ☒ "Original" List ☐ City List |
| 517 Dennis McGill | Inactive | Living With Family | | ☒ "Original" List ☒ City List |

631

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 518 Sandra Morris - Berry | Inactive | Living Independently | 4007 Haverford Avenue | ■ "Original" List □ City List |
| 519 Peter Muldoon | Inactive | Boarding Home | | ■ "Original" List ■ City List |
| 520 Robert Pope | Inactive | Domiciliary Care | | ■ "Original" List □ City List |
| 521 Lewis Seamon | Inactive | Domiciliary Care | 6073 Regent Street | ■ "Original" List □ City List |
| 522 William Stokes | Inactive | Living With Family | | ■ "Original" List ■ City List |
| 523 Patricia E. Walker | Inactive | Living Independently | 1635 Ellsworth Street | ■ "Original" List □ City List |
| 524 Gladys Wheeler | Inactive | Domiciliary Care | | ■ "Original" List ■ City List |
| 525 Patricia Whitaker | Inactive | Living With Family | | ■ "Original" List □ City List |
| 526 Brenda Williams | Inactive | Living Independently | 5450 Wissahickon Avenue | ■ "Original" List □ City List |
| 527 Gregory Wise | Inactive | Out of State (Maryland) | | ■ "Original" List □ City List |

**2 1 Inactive**

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 528 Mark Blocker | Transferred to Another County | Lynch Community Homes (Chester Co ) | | ■ "Original" List □ City List |
| 529 Robert Bowers | Transferred to Another County | | 3744 Oakland Road | ■ "Original" List □ City List |
| 530 Mary Finley - Bowers | Transferred to Another County | | 3744 Oakland Road | ■ "Original" List □ City List |
| 531 Geraldine Gray | Transferred to Another County | | | ■ "Original" List □ City List |
| 532 Dolores Henry | Transferred to Another County | | | ■ "Original" List □ City List |
| 533 Alvin Kriegler | Transferred to Another County | | | ■ "Original" List ■ City List |
| 534 Peter Nucifora | Transferred to Another County | Prospectus | | ■ "Original" List □ City List |
| 535 Joseph Oelenschlager | Transferred to Another County | Lynch Community Homes (Chester Co ) | | ■ "Original" List □ City List |
| 536 Daniel Pelce | Transferred to Another County | Lynch Community Homes (Chester Co ) | | ■ "Original" List □ City List |
| 537 Theresa Quinn | Transferred to Another County | Delaware County | | ■ "Original" List □ City List |
| 538 Bonita Sartor | Transferred to Another County | | 451 Avenue A | ■ "Original" List □ City List |
| 539 Percy Simmons | Transferred to Another County | Hep Counseling Center | 751 Brown Drive | ■ "Original" List □ City List |
| 540 Henry Tunnell | Transferred to Another County | | c/o Daniel Tunnell, 50 Race Street | ■ "Original" List □ City List |

**1 3 Transferred to Another County**

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 541 Joseph Anick | Publicly Operated ICF/MR | Embreeville Center | | ■ "Original" List ■ City List |
| 542 Lawrence Brownstein | Publicly Operated ICF/MR | Embreeville Center | | ■ "Original" List ■ City List |
| 543 Valentine Camiel | Publicly Operated ICF/MR | Embreeville Center | | ■ "Original" List ■ City List |
| 544 Louis DiMarino | Publicly Operated ICF/MR | Embreeville Center | | ■ "Original" List ■ City List |
| 545 Howard Frison | Publicly Operated ICF/MR | Embreeville Center | | ■ "Original" List ■ City List |

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 546 Joseph Haegle (aka Hagele) | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 547 George Hance | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 548 Arthur Hopkins | Publicly Operated ICF/MR | Polk Center | Polk Center | ☒ "Original" List ☐ City List |
| 549 Jerome James | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 550 Joseph Mulhern | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 551 Mary Mundy | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 552 Joseph Porter | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 553 Daniel Powell | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 554 Jeter Robinson | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 555 Arthur Tonkins | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 556 Charles Truitt | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |
| 557 Gregory Wood | Publicly Operated ICF/MR | Embreeville Center | | ☒ "Original" List ☒ City List |

**17 Publicly Operated ICF/MR**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 558 Frances Crawford | Privately Operated ICF/MR (15+ Beds) | AVS - Verree Road | 9990 Verree Road | ☒ "Original" List ☒ City List |
| 559 Willie Belle Crawley | Privately Operated ICF/MR (15+ Beds) | AVS - Verree Road | 9990 Verree Road | ☒ "Original" List ☒ City List |
| 560 William Dorsey | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ☒ "Original" List ☒ City List |
| 561 Janet Grant | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ☒ "Original" List ☒ City List |
| 562 Bonnie Lee Grimes | Privately Operated ICF/MR (15+ Beds) | AVS - Verree Road | 9990 Verree Road | ☒ "Original" List ☒ City List |
| 563 Darrel Hines | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ☒ "Original" List ☒ City List |
| 564 Pamela Kemp | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ☒ "Original" List ☒ City List |
| 565 Barbara McQuillin (aka | Privately Operated ICF/MR (15+ Beds) | AVS - Verree Road | 9900 Verree Road | ☒ "Original" List ☒ City List |
| 566 Jo Suzanne Moskowitz | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ☒ "Original" List ☒ City List |
| 567 Vernard Pretlow | Privately Operated ICF/MR (15+ Beds) | AVS - Verree Road | 9990 Verree Road | ☒ "Original" List ☒ City List |
| 568 Myra Sykes | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ☒ "Original" List ☒ City List |
| 569 Gaylord Townsend | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ☒ "Original" List ☒ City List |

**12 Privately Operated ICF/MR (15+ Beds)**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 570 Frances Reis | Private Licensed Facility | Pleasant Manor, Inc | 90 Cafferty Road | ☒ "Original" List ☒ City List |

**1 Private Licensed Facility**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 571 Anthony Felicione | Nursing Home (Approved Via OBRA) | Simpson House | Belmont & Monument Avenue | ☒ "Original" List ☒ City List |

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 572 Karen McNulty | Nursing Home (Approved Via OBRA) | Sacred Heart Hospice | | ☒ "Original" List ☒ City List |
| 573 Barbara Weber | Nursing Home (Approved Via OBRA) | Rittenhouse Care Center | | ☒ "Original" List ☒ City List |

**3 Nursing Home (Approved Via OBRA)**

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 574 Margaret Daniels | Nursing Home (OBRA Review In Process) | Philadelphia Geriatric Center | | ☒ "Original" List ☒ City List |
| 575 Thomas LaRocca | Nursing Home (OBRA Review In Process) | St. Ignatius Nursing Home | 4401 Haverford Avenue | ☒ "Original" List ☒ City List |
| 576 Virginia McClure | Nursing Home (OBRA Review In Process) | Tucker House | | ☒ "Original" List ☒ City List |
| 577 Robert Oliver | Nursing Home (OBRA Review In Process) | Inglis House | 2600 Belmont Avenue | ☒ "Original" List ☒ City List |

**4 Nursing Home (OBRA Review In Process)**

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 578 Leroy Davis | Unable To Be Located | | | ☒ "Original" List ☐ City List |
| 579 Anthony Gleason | Unable To Be Located | | | ☒ "Original" List ☐ City List |
| 580 Joseph Hess | Unable To Be Located | | | ☒ "Original" List ☐ City List |
| 581 Jean Smith | Unable To Be Located | | | ☒ "Original" List ☐ City List |
| 582 Maynard Taylor | Unable To Be Located | | | ☒ "Original" List ☐ City List |
| 583 Warren Watkins | Unable To Be Located | | | ☒ "Original" List ☐ City List |

**6 Unable To Be Located**

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 584 Cynthia Crew | Receiving Day Services Only | Living With Family | | ☒ "Original" List ☒ City List |
| 585 Deborah Johnson | Receiving Day Services Only | Living With Family | 2117 South Lippincott Street | ☒ "Original" List ☒ City List |
| 586 Louis Mabus | Receiving Day Services Only | Living With Family | 3653 North 6th Street | ☒ "Original" List ☐ City List |

**3 Receiving Day Services Only**

**Additional Beneficiary = 121 Individuals**

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| 587 Alicia Abrams | Community Placement | Step-By-Step | 8500 Lindbergh Boulevard, Apt. 1412 | ☒ "Original" List ☐ City List |
| 588 Horace Adams | Community Placement | UCPA | 6712 Emlen Street | ☒ "Original" List ☒ City List |
| 589 Kenneth Arrangio | Community Placement | COMHAR | 2201 East York Street | ☒ "Original" List ☒ City List |
| 590 Shaifa Bradley | Community Placement | Greenwich Services, Inc. | 510 Wilder Street | ☒ "Original" List ☒ City List |
| 591 Carl Brown | Community Placement | Step-By-Step | 536 South 49th Street | ☒ "Original" List ☒ City List |
| 592 G. Paul Bruno | Community Placement | Benjamin Rush | 3148 Grant Avenue | ☒ "Original" List ☒ City List |
| 593 Raymond Burch | Community Placement | UCPA | 1918 South 17th Street, 1st Floor | ☒ "Original" List ☒ City List |

| # | Name | Status | Residential Provider | Address | List Status | |
|---|------|--------|----------------------|---------|-------------|---|
| 594 | Arturo Burgos | Community Placement | KenCrest Services | 1420 West Chelten Avenue | ☒ "Original" List | ☒ City List |
| 595 | Dolores Chappelle | Community Placement | Benjamin Rush | 3400 Red Lion Road, Apt 56A | ☒ "Original" List | □ City List |
| 596 | June Christopher | Community Placement | PATH | 2218 Hultnage Street, 2nd Floor | ☒ "Original" List | ☒ City List |
| 597 | Kim Christopher | Community Placement | Greenwich Services, Inc | 5703 Virginian Road | ☒ "Original" List | □ City List |
| 598 | Robert Clayton | Community Placement | PATH | 2301 Benson Street Second Floor | ☒ "Original" List | ☒ City List |
| 599 | Christopher Cook | Community Placement | UCPA | 6315 Anderson Street | ☒ "Original" List | ☒ City List |
| 600 | Rose Corrado | Community Placement | JEVS | 1744 Harrison Street | ☒ "Original" List | ☒ City List |
| 601 | Vincent Curtis | Community Placement | Bucks Co ARC | Box 80 M, Quarry Road | ☒ "Original" List | ☒ City List |
| 602 | Darius Dansette | Community Placement | Lynch Community Homes (Montgomery Co) | 225 Broadway Avenue | ☒ "Original" List | ☒ City List |
| 603 | Joseph Dattner | Community Placement | Salvation Army | 2101 Chestnut Street, Apt 615 | ☒ "Original" List | ☒ City List |
| 604 | Carole Dreyfus | Community Placement | PATH | 2609 Tremont Street, 2nd Floor | ☒ "Original" List | ☒ City List |
| 605 | David Erb | Community Placement | Benjamin Rush | 851 Red Lion Road Apt B 2 | ☒ "Original" List | ☒ City List |
| 606 | Ruby Evans | Community Placement | SPIN | 8017 B More Street 2nd floor | ☒ "Original" List | □ City List |
| 607 | Anthony R. Fasone | Community Placement | Assoc for Independent Growth | 800 Cottman Avenue Apt 18582 | ☒ "Original" List | ☒ City List |
| 608 | William Frank | Community Placement | Assoc for Independent Growth | 800 Cottman Avenue Apt 18582 | ☒ "Original" List | ☒ City List |
| 609 | Michael Gallagher | Community Placement | UCPA | 637 North 13th Street | ☒ "Original" List | ☒ City List |
| 610 | Earl Gardner | Community Placement | Horizon House | 2621 North Marshall Street | ☒ "Original" List | ☒ City List |
| 611 | Ronald Gilliard | Community Placement | RIO | | ☒ "Original" List | ☒ City List |
| 612 | Kristin Gilmore | Community Placement | UCPA | 1740 Moncton Street | ☒ "Original" List | ☒ City List |
| 613 | Stephan Gimbel | Community Placement | PATH | 2301 Benson Street 2nd floor | ☒ "Original" List | ☒ City List |
| 614 | Dominic Gionta | Community Placement | SPIN | 3407 Red Lion Road Apt B | ☒ "Original" List | ☒ City List |
| 615 | Marilyn Gonzales | Community Placement | COMHAR | 228 Ashdale Street | ☒ "Original" List | ☒ City List |
| 616 | Harold Gordon | Community Placement | Horizon House | 801 South 47th Street Apt 403 | □ "Original" List | ☒ City List |
| 617 | Jerry Gross | Community Placement | Horizon House | | ☒ "Original" List | ☒ City List |
| 618 | Mary Harrington | Community Placement | EMAN Community Living | 7314 Devon Street, Apt 1A | ☒ "Original" List | ☒ City List |
| 619 | Doris Heins | Community Placement | SPIN | 2840 Brighton Place, Apt A | ☒ "Original" List | ☒ City List |
| 620 | George Herrkorn | Community Placement | Benjamin Rush | 3400 Red Lion Road, Apt 60A | ☒ "Original" List | ☒ City List |
| 621 | Robert Hockstein | Community Placement | PATH | 2609 Tremont Street, 1st floor | ☒ "Original" List | ☒ City List |
| 622 | Veronica Hogue | Community Placement | Human Services Consultants | 1220? Medford Road | ☒ "Original" List | ☒ City List |
| 623 | Anthony Justice | Community Placement | Horizon House | 2621 North Marshall Street | ☒ "Original" List | □ City List |
| 624 | Geraldine Kalgen | Community Placement | Human Services Consultants | 1220? Medford Road | ☒ "Original" List | ☒ City List |

| Name | Status | Residential Provider | Address | List Status |
|------|--------|---------------------|---------|-------------|
| Keith King | Community Placement | Step-By-Step | 536 South 48th Street | ☒ "Original" List ☒City List |
| Dorothy Kopcho | Community Placement | KenCCID | 533 East Allegheny Avenue | ☒ "Original" List ☒City List |
| Barbara Kuscin | Community Placement | Horizon House | 1408 South 7th Street | ☒ "Original" List ☐City List |
| Crystal Larkins | Community Placement | KenCrest Services | 5428 North 2nd Street | ☒ "Original" List ☒City List |
| Joyce Laverty | Community Placement | Assoc. for Independent Growth | 840 Asbury Terrace, 2nd Floor | ☒ "Original" List ☒City List |
| Sharon Levenson | Community Placement | SPIN | 4033 Blakiston Street | ☒ "Original" List ☒City List |
| John Lodise | Community Placement | Step-By-Step | 5234 Arlington Street | ☒ "Original" List ☐City List |
| David Mahoney | Community Placement | Benjamin Rush | 3400 Red Lion Road, Apt. 60A | ☒ "Original" List ☒City List |
| Vaughn Mallory | Community Placement | UCPA | 1740 Monican Street | ☒ "Original" List ☒City List |
| Barbara Marcella | Community Placement | Northeast CMHMR | 155 East Godfrey Avenue, Apt. F-403 | ☒ "Original" List ☒City List |
| Brian McAnnally | Community Placement | COMHAR | 4985 Pennway Street | ☒ "Original" List ☐City List |
| John McCloud | Community Placement | SPIN | 10201 Selmer Street, 2nd Floor | ☒ "Original" List ☒City List |
| John McFadden | Community Placement | COMHAR | 4985 Pennway Street | ☒ "Original" List ☐City List |
| Norene Melvin | Community Placement | Assoc. for Independent Growth | 6404 North 11th Street | ☒ "Original" List ☒City List |
| Louise Miller | Community Placement | Human Services Consultants | 12207 Medford Road | ☒ "Original" List ☒City List |
| Richard Mozzillo | Community Placement | Greenech Services, Inc | 1437 South 15th Street | ☒ "Original" List ☒City List |
| James Murphy | Community Placement | COMHAR | 4039 Bennington Street | ☒ "Original" List ☒City List |
| George Donald Orf | Community Placement | Assoc. for Independent Growth | 7701 Lindbergh Boulevard, Apt. 862 | ☒ "Original" List ☐City List |
| Edwin Perez | Community Placement | APM | 2855 North Howard Street | ☒ "Original" List ☒City List |
| Frank Petrone | Community Placement | Horizon House | 229 South 46th Street | ☒ "Original" List ☒City List |
| William Pryor | Community Placement | Horizon House | 2621 North Marshall Street | ☒ "Original" List ☒City List |
| Frederick Queene | Community Placement | Benjamin Rush | 3144 Grant Avenue | ☒ "Original" List ☒City List |
| Aaron Richards | Community Placement | KenCrest Services | 1420 West Chelten Avenue | ☒ "Original" List ☒City List |
| Nancy Roble | Community Placement | KenCCID | 2114 East Somerset Street, Apt. 2 | ☒ "Original" List ☒City List |
| Margarita Santiago | Community Placement | COMHAR | 228 Almdale Street | ☒ "Original" List ☒City List |
| Pedro Santiago | Community Placement | Benjamin Rush | 3144 Grant Avenue | ☒ "Original" List ☒City List |
| Deborah Scruggs | Community Placement | Benjamin Rush | 851 Red Lion Road, Apt. E1 | ☒ "Original" List ☒City List |
| Jean Searle | Community Placement | PATH | 2609 Tremont Street, 2nd Floor | ☒ "Original" List ☒City List |
| Charles Shinholster | Community Placement | Elwyn CRS | 3900 Chestnut Street, Apt. 208 | ☒ "Original" List ☒City List |
| Virginia Skowood | Community Placement | Elwyn CRS | 3900 Chestnut Street, Apt. 226 | ☒ "Original" List ☒City List |
| Maurice Staten | Community Placement | KenCrest Services | 1700 Pearson Avenue | ☒ "Original" List ☐City List |

636

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 656 Janice Stevens | Community Placement | PATH | 1835 Bayer Street | ☒ "Original" List ☒ City List |
| 657 Rachel Stevens | Community Placement | Greenwich Services, Inc | 1509 South 6th Street | ☒ "Original" List ☒ City List |
| 658 Arnold E Swartz (aka | Community Placement | PATH | 1846 Strahle Steel | ☒ "Original" List ☒ City List |
| 659 Kimberly Tadeo | Community Placement | UCPA | 6150 Torresdale Avenue | ☒ "Original" List ☒ City List |
| 660 Joseph Tilghman | Community Placement | UCPA | 1918 South 17th Street, 1st Floor | ☒ "Original" List ☒ City List |
| 661 Nathan Tolliver | Community Placement | UCPA | 1740 Morican Street | ☒ "Original" List ☐ City List |
| 662 Nelson Torrens | Community Placement | APM | 3449 North 6th Street | ☒ "Original" List ☒ City List |
| 663 John Washington | Community Placement | Barber Resources | 2804 West Girard Avenue | ☒ "Original" List ☐ City List |
| 664 Angela Watson | Community Placement | Greenwich Services, Inc | 510 Water Street | ☐ "Original" List ☐ City List |
| 665 Alfred Williams | Community Placement | Salvation Army | 7508 Brockton Road | ☒ "Original" List ☒ City List |
| 666 Anthony Williams | Community Placement | KenCrest Services | 5215 Schuyler Street, Apt 1068 | ☒ "Original" List ☐ City List |
| 667 Lauren Williams | Community Placement | Bucks Co ARC | 181 Richlandtown Pike | ☒ "Original" List ☒ City List |
| 668 Richard Young | Community Placement | UCPA | 1918 South 17th Street, 1st Floor | ☒ "Original" List ☒ City List |
| 669 Sheldon Zeit | Community Placement | KenCID | 4668 Duffield Street | ☐ "Original" List ☒ City List |

**83 Community Placement**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 670 Michael Curtin | Deceased | Step By Step | | ☒ "Original" List ☒ City List |
| 671 Thomas Lally | Deceased | | | ☒ "Original" List ☐ City List |
| 672 Kim Lloyd | Deceased | | | ☒ "Original" List ☒ City List |
| 673 Manuel Magidman | Deceased | | | ☒ "Original" List ☐ City List |
| 674 Nora Malamed | Deceased | | | ☒ "Original" List ☐ City List |
| 675 Theodora Spinelli | Deceased | KenCID | | ☒ "Original" List ☒ City List |
| 676 Roland Whitners | Deceased | UCPA | | ☒ "Original" List ☒ City List |

**7 Deceased**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 677 James Bryson | Inactive | Living With Family | 9629 Gillespie Street | ☒ "Original" List ☐ City List |
| 678 Irene Fromsen | Inactive | Domiciliary Care | 2212 North 54th Street | ☒ "Original" List ☐ City List |
| 678 Theodore Matlin | Inactive | | 439 Lyndhurst Drive | ☒ "Original" List ☐ City List |
| 680 Josephine Mascoro | Inactive | Domiciliary Care | 1854 Van Pelt Street | ☒ "Original" List ☐ City List |
| 681 Frank Masterelli | Inactive | | 3873 Marshyams Avenue | ☒ "Original" List ☐ City List |
| 682 Paul McCole | Inactive | Address Found But Not Confirmed | 607 Medley Avenue | ☒ "Original" List ☐ City List |
| 683 Norman Moore | Inactive | Boarding Home | | ☒ "Original" List ☒ City List |

637

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 684 Elizabeth Proud | Inactive | Domcilary Care | 1710 Morris Street | ■ "Original" List ☐ City List |
| 685 Irvin Reaves | Inactive | Discharged to Relative's Home - 1984 | 737 Melon Terrace, Apt. B | ■ "Original" List ☐ City List |
| 686 Lois Rochon | Inactive | Living With Family | 2853 North Muter Street | ■ "Original" List ☐ City List |

**10 Inactive**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 687 Joseph Harris | Publicly Operated ICF/MR | Embreeville Center | | ■ "Original" List ■ City List |
| 688 Jonathan Williams | Publicly Operated ICF/MR | Polk Center | Polk Center | ■ "Original" List ☐ City List |

**2 Publicly Operated ICF/MR**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 689 Elizabeth Ackerman | Privately Operated ICF/MR (15+ Beds) | Elwyn | 111 Elwyn Road | ■ "Original" List ■ City List |
| 690 Karen Blakely | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ■ "Original" List ☐ City List |
| 691 Marian Daiuolo | Privately Operated ICF/MR (15+ Beds) | Elwyn | 111 Elwyn Road | ■ "Original" List ■ City List |
| 692 Paula Fried | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ■ "Original" List ☐ City List |
| 693 Susan E. James | Privately Operated ICF/MR (15+ Beds) | Elwyn | 111 Elwyn Road | ■ "Original" List ■ City List |
| 694 Adelaide Quantius | Privately Operated ICF/MR (15+ Beds) | Elwyn | 111 Elwyn Road | ■ "Original" List ■ City List |
| 695 Gilberto Rosario | Privately Operated ICF/MR (15+ Beds) | Woodhaven Center | 2900 Southampton Road | ■ "Original" List ■ City List |

**7 Privately Operated ICF/MR (15+ Beds)**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 696 Michael Campbell | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 697 Mildred Derr | Unable To Be Located | Benefits Inactivated in 1994 | | ■ "Original" List ☐ City List |
| 698 Herman Fitz | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 699 Jacqueline Jackson | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 700 Cheri Law | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 701 Frank Palmer | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 702 Doris Porter | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 703 Kevin Small | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 704 Margaret Thompson | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 705 Doris Winarski | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 706 Richard Woods | Unable To Be Located | | | ■ "Original" List ☐ City List |
| 707 Shirley Slater Wright | Unable To Be Located | | | ■ "Original" List ☐ City List |

**12 Unable To Be Located**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|

**Removed From Class = 7 Individuals**

| Name | Status | Residential Provider | Address | List Status |
|---|---|---|---|---|
| 708 Paul Fomenko | Community Placement | Greenwich Services, Inc. | 1437 South 15th Street | ☐ "Original" List ☑ City List |
| 709 Alice Grasso | Community Placement | JEVS | 7740 C Stenton Avenue, Sunset 110 | ☐ "Original" List ☐ City List |
| 710 Richard Hill | Community Placement | SPIN | 4033 Blaiston Street | ☐ "Original" List ☑ City List |
| 711 Melvin Thomas | Community Placement | Elwyn CRS | 3900 Chestnut Street | ☐ "Original" List ☑ City List |

**4 Community Placement**

| 712 Harold Jones | Transferred to Another County | Woodhaven Center | 2900 Southampton Road | ☑ "Original" List ☑ City List |
|---|---|---|---|---|

**1 Transferred to Another County**

| 713 Alan Johnson | Unable To Be Located | Duplicated Name | | ☑ "Original" List ☐ City List |
|---|---|---|---|---|
| 714 John McConnell | Unable To Be Located | Duplicated Name | | ☐ "Original" List ☐ City List |

**2 Unable To Be Located**